## THOMAS A. PARKER *et al. vs.* JOHN COPLAND.

A proceeding to recover possession of lands, under the law of "forcible entries and detainers," being summary and unknown to the common law, *certiorari*, only, lies to bring the cause into this Court; but, when appealed to the Circuit Court, as provided by said law, it becomes a proceeding according to the course of the common law, and error is the only mode of reviewing, in this Court, the judgment of the Circuit Court.

This was a motion to quash a writ of error, for want of jurisdiction.

The cause originated before one of the Circuit Court Commissioners for the County of Wayne, acting under the provisions of Chapter 123, Revised Statutes; respecting the recovery of land in certain cases ; it was taken by appeal to the Circuit Court for said County, where it was tried by a jury, and was brought into this Court by writ of error, on exceptions to the charge of the Court below.

The following is a copy of the motion, entered by the defendant in error : "The said John Copland, defendant in error, moves the Court that the writ of error in this cause be quashed, and this suit dismissed for want of jurisdiction, for the reason that the writ is brought on a special proceeding, unknown to the common law ; and that is not the proper form of removing the cause below into this Court."

*C. O'Flynn* and *J. V. Campbell*, for the motion.

*Walkers & Russell*, *contra*, cited, 2 Burr. Prac., 187; Anderson *vs.* Prindle (23 *Wend.*, 616); Taylor, Land. & Ten., 512, *et seq.;* Martin *vs.* Com'th. (1 *Mass*, 377, 389); Cooke, Petitioner (15 *Pick.*, 238); Waters *vs.* Randall (8 *Metc.*, 132;) and see 2 Tidd. Prac., 105; 1 P. & D. Prac., 84; 6 Blackf., 145; 6 How. Miss., 579; Com'th. *vs.* Burkhardt (23 *Penn. State R.*, 521); Holt, C. J., Lord Raym., 454, 469; 13 Ohio, R., 548.

On a common law certiorari, the only inquiry is, whether the inferior tribunal had jurisdiction and acted within its limits ; and there must be either an affirmance, or a quashing: the Superior Court cannot render the proper judgment. It is evident, then, that the instructions to the jury, given below, cannot be examined here on certiorari. (2 *Burr. Prac.*, 132, 193; 5 *Seld.*, 312; 7 *Cow.*, 470; 25 *Wend.*, 167; *R. S.* 1846, 595; *auth. cit. passim.*)

The Court held, Green, J., delivering the opinion orally, that error was the proper remedy. That, granting the proceedings in their inception were summary, yet, after their

67

arrival in the Circuit, they were according to the course of the common law, and that, as *certiorari* only brings up the question of jurisdiction in the Court below, error is the only method of reviewing the charge of the Judge.

The motion was overruled.