## James G. La Roe, Administrator, &c., v. Garrett Freeland.

Plaintiff made a parol contract with L. to make certain improvements on lands of the latter, for which he was to be paid in case L. returned from California where he was going, but if L. did not return plaintiff was to have the land. L. died in California, and plaintiff presented a claim for the improvements against the estate.—*Held*, that he could not recover, but must look to the land as his pay.

Where an appeal is taken to the Circuit Court from the action of commissioners appointed to audit claims against the estate of a deceased person, the Circuit Court should not render judgment in the common law form, but simply allow or disallow the claim.

*Heard October 6th. Decided October 18th.*

Error to Saginaw Circuit.

Freeland presented to the commissioners appointed by

the Probate Court to pass upon demands against the estate of Abram LaRoe, a claim for the building of a house and barn, and for certain other improvements, on land belonging to deceased; and this claim having been allowed by the Commissioners, the administrator appealed. A trial was had in the Circuit Court without a jury, and the Circuit Judge found the following facts.

"That before Abram LaRoe went to California, in 1854, plaintiff entered into a parol agreement with him, by which plaintiff was to have the use and occupation of the S. W. pt. of S. W. fr. ¼ of Sec. 16, T. 13 N. of R. 3 E. during LaRoe's absence in California, which would be at least three years, and perhaps longer; for which plaintiff was to pay taxes, and take care of the land.

"That plaintiff was to make other improvements than what was already chopped, if he saw fit, and that on LaRoe's return he was to pay for them, and if he did not return, plaintiff was to have the land: that Abram LaRoe has not returned, and that plaintiff has been in possession to this time. That plaintiff built a house, now worth about $60, and a barn, now worth about $125, and cleared about eight acres, worth about $15 per acre; in all $305. That plaintiff paid the taxes, kept up the fences, and occupied the land. That James G. LaRoe was appointed administrator of the estate of Abram LaRoe deceased, June, 1857, and plaintiff had a conversation a year after the appointment of administrator, about the occupancy of the land, in which Freeland said that if LaRoe would let him stay on another year, he would certainly clear it off. A little corner, perhaps an acre and a half, of wet ground, is not cleared.

"That plaintiff cut and sold about 4000 saw logs, worth $3 a thousand, and about a hundred spiles, 25 feet long, worth a cent a foot, from other land adjoining belonging to LaRoe; in all $37.

"The court finds the following conclusions of law:

"That the contract is not an agreement which by its terms is not to be performed within one·year from the making thereof.

"That the agreement is a two-fold contract, and has two parts, independent of each other.    1st. A contract for the use and occupation of the land, or an executed parol lease, upon which the parties have acted, and which they have recognized.    2d. A contract for making improvements upon the land.    The contract for the use and occupation of the land, if within the statute of frauds when made, being executed, the statute furnishes no defense.    The contract for improvements not being by its terms not to be performed within one year, is not within the statute.

"The terms of the lease being the payment of the taxes, defendant can not recover for the yearly value of its use."

The Circuit Court thereupon rendered judgment in favor of plaintiff, for $268, and costs.

*Sutherland & Miller*, for plaintiff in error.

*W. H. Sweet*, for defendant in error.

CAMPBELL J. :

The claim in controversy against the estate of Abram LaRoe, is for money laid out and services rendered under a contract made with him in his lifetime.    By the terms of the contract, as found by the court, Freeland was to be paid in case LaRoe returned from California, but if he should not return, Freeland was to have the land.    As LaRoe did not return, there was no breach of the contract, unless he had put it out of his own power to fulfil by some other disposition of the property.    As this is not shown, Freeland is bound to look to the land as his pay, and not to set up a personal claim against the estate.    Whether the Statute of Frauds will apply to prevent his obtaining a specific performance, is a question which can be more properly decided

LaRoe v. Freeland.

· when he shall present his case with its circumstances in a court of equity.

The judgment .of the Circuit Court, allowing the claim, must be reversed, with costs, and a judgment of disallowance entered upon the finding.

We take occasion to suggest that, under our statutes, the more correct form of judgment in the Circuit Court on appeal from the allowance of a claim, would be an adjudication of the allowance of the claim at a certain sum, or a disallowance, and not a judgment against the administrator in the common law form. The statute regards the action of the court as analogous to that of the commissioners:— *Comp. L. p.* 891, § 2941. A formal judgment may not be erroneous in law, but is liable to misapprehension, inasmuch as it can not be literally enforced according to its terms.

The other Justices concurred.

*Judgment reversed.*