## The American Baptist Missionary Union and others v.
### Kortum K. Peck and others.

Where an appeal has been taken to the Circuit Court from the decree of the Probate Court allowing or disallowing a will, and a trial is had, error lies to remove to the Supreme Court the adjudication of the Circuit Court upon the appeal.

And it makes no difference that a formal issue was not made up in the Circuit Court, since the substance of the issue is the same, whether made up in form or not.

*Heard January 7th. Decided January 8th.*

Error to Jackson Circuit.

Daniel Peck, by his last will, after making various bequests, gave the residue of his estate in certain proportions to the plaintiffs in error. The probate of this will, so far as the residuary clauses were concerned, was contested by the heirs at law, but the Probate Court sustained all the bequests. The heirs thereupon appealed to the Circuit Court, which reversed the decree of the Probate Court with respect to the residuary clauses, and made a decree remitting the case to the Probate Court for further proceedings. No formal issue was made up in the Circuit Court, the facts were admitted, and the case contested on the legal questions. The adjudication of the Circuit Court was brought to this court by writ of error, accompanied by bill of exceptions.

*Blair & Gibson,* now moved to dismiss the writ. They argued that it was not a proper case for exceptions or writ of error. The proceedings were not according to the course of the common law. There was no issue — it was a mere review of the decree of the Probate Court upon questions of law. There was no judgment upon an issue formed according to the common law:— 5 *Mich.* 225; 6 *Mich.* 142; 8 *Mich.* 113; 11 *Mass.* 465.

*Geo. S. Swift,* contra, cited 4 *Mich.* 479; *Ibid.* 528. As to what constitutes a *final judgment* in such cases: 32 *Ala.* 736; 16 *Ala.* 40; *Ibid.* 50; *Ibid.* 343.

CAMPBELL J.:

This is a cause wherein an appeal was taken from the Probate Court of Jackson county to the Circuit Court, from the probate of a will. Exceptions were taken to the rulings on the trial in the circuit, and are brought up on writ of error. A motion is now made to dismiss, on the ground that the proceedings are not according to the course of the common law..

It was decided in *Parker v. Copland*, 4 *Mich.* 528, that although proceedings in their commencement in the inferior court were not in common law form, yet if, on appeal to the Circuit, the trial assumed substantially that nature, a writ of error would lie. Where facts going directly to the merits are to be determined on probate appeals, the statute contemplates that issue may be joined thereon, under the direction of the court, and a trial had by jury: *Comp. L.* § 3635. This does not in any way prevent a trial by the court without a jury of the same issue.

Upon an appeal from the decree of a Probate Court allowing or disallowing a will, the substance of the controversy must be the same as on the issue of *devisavit vel non;* and presents of necessity an issue peculiarly proper for trial in the ordinary way. While a new issue may be very properly made in the Circuit Court in a common law form, yet it can not differ materially from that necessarily made on the application for probate; which, with us, is usually somewhat informal, but which if made with full allegations, would present all the issues in form, which are now comprehended in substance, in every such application. No one can be misled concerning the questions to be tried on such a dispute. The *form* of such an issue can not be very important where the substance is fairly presented. It appears in the case before us that, although no new issue was framed in the Circuit Court, a trial was had there upon facts admitted, which are the same as facts.

proved; and that a decision was made of the whole controversy. The case was treated as if at issue on the merits; and there was in fact such an issue, of necessity, comprehended in such an appeal; and its nature and extent can be clearly seen from the record.

Substantial issues of this kind, when tried in the Circuit Court, upon pleadings framed in the usual way, are governed by all the analogies attending common law trials of other civil actions; and it would not only be extremely inconvenient, but might also be destructive of established rights, to apply to them a different rule of appellate proceeding. The practice of exceptions and writ of error has long been applied to them without objection, and in the case of *Parker v. Copland* was settled, as far as it can be, by a close analogy of principle. No practice would operate fairly which should place the disposal of this class of issues of fact beyond the rules applicable to other civil controversies in common law form, in this court, when the proceedings at the circuit have been such as this case received and required.

While we adhere to our repeated decisions, that matters interlocutory, or discretionary, or collateral to the main issue, and other cases not involving the substance of a controversy like the present, are not reviewable on writ of error, we think the case before us is properly brought into this court. The motion to dismiss is denied.

CHRISTIANCY and MANNING JJ. concurred.

MARTIN CH. J. was absent.