JUNE TERM, 1869. 651

In re Bayliss vs. Estate of Pricture, deceased.

## In re BAYLISS vs. Estate of PRICTURE, deceased.

*Agreement to pay for services, in part, by testamentary provision, binding on estate — Evidence of such agreement.*

1. Where services are rendered upon an agreement that they are to be compensated in part by a testamentary provision, and no such provision is made, the estate of the employer is liable for enough to make up what the services were reasonably worth.
2. Proof that after employee had left the service from dissatisfaction with his salary, employer induced him to return by representing " that it should all be right, and that he had remembered him in his will," is sufficient to show such an agreement.

APPEAL from the Circuit Court for *Racine* County.

This case came to the circuit court on appeal from the county court, which had disallowed a claim presented by *Bayliss* against the estate of Thomas Pricture, deceased. The claimant alleged that the deceased employed him in March, 1857, under an agreement that he should serve as bartender, bookkeeper and general clerk, from year to year, so long as Pricture should remain in the business; that Pricture should pay him three hundred dollars per year; that he would not sell the said business without giving the claimant one half interest in it, as a future compensation for his services; that if he should die before he sold out said business, he would make a full and liberal compensation for said services by a legacy to the claimant, in his will; that the claimant continued to serve under said agreement until November, 1863; that his services were worth $1,000 per year; and that said Pricture died in May, 1867, leaving a will, in which no legacy was given to the claimant, nor any other provision made to compensate him for said services. The facts testified to by the witness Ehle, upon the subject of a testamentary provision for the claimant, occurred in August or September, 1862. These and other facts appear sufficiently from the opinion.

In re Bayliss vs. Estate of Pricture, deceased.

*J. B. Jilsun*, for appellant.
*Head & Schaff*, for respondent.

PAINE, J.    It is not disputed that in law the claimant is entitled to recover of the estate enough to make up what his services were reasonably worth, provided they were rendered upon an understanding that they were to be compensated, in part at least, by a testamentary provision, no such provision having in fact been made. We have therefore only to pass upon the questions of fact presented by the evidence.

While there is abundant evidence that the deceased often expressed to third parties a high appreciation of the value of *Bayliss's* services, and a general intention to do well by him and to make him some further compensation than the agreed salary he was receiving, yet, independent of the testimony of Ehle, there is perhaps nothing sufficiently definite to lay the foundation for a legal claim.    But Ehle's testimony does show a clear, definite understanding between the parties to that effect. *Bayliss* had become so far dissatisfied as to have actually left the service.    The deceased then sent Ehle to him to induce him to come back, and directed him to represent that "it should all be right, and that he had remembered him in his will," etc.  *Bayliss* thereupon remained in the service as long as the deceased continued the business.

It seems that Pricture had at that time caused a will to be drawn, in which he provided for a legacy to *Bayliss* of $1,000.    And the judge below inferred that *Bayliss* had probably become aware of the amount before deciding to continue in the service.    However probable this may be, yet the proof hardly shows it with sufficient certainty to constitute an agreement fixing that sum as the amount he was to receive in any event.    But the proof is certainly sufficient to show a claim for what his services were reasonably worth, after the conversation testified to by Ehle, deducting what he has already received.    And we have concluded that, even upon this

In re Bayliss vs. Estate of Pricture, deceased.

theory, the finding of the court below as to the amount may be sustained.

There is not so much conflict in the evidence as to the value of the services, as might at first seem. A large part of the testimony introduced, on the part of the executors, related not to the value of *Bayliss's* services, but to the value of the services of a common clerk or bartender. But it is very obvious from the whole evidence, that *Bayliss's* services were something very different from these. Pricture was engaged in the wholesale and retail liquor business, including rectifying. *Bayliss* not only acted as bartender and salesman, but conducted the rectifying principally himself, and during Pricture's absence took the general management of the whole business. The services of one competent to do all this are clearly worth much more than those of a mere bartender or salesman. And that Pricture himself considered *Bayliss's* services peculiarly valuable to him, is abundantly shown. In view of this fact, and of the fact that during the latter part of his employment his experience must have enhanced their value, we feel justified in adopting the highest estimates which the witnesses placed upon their value.

Tymeson swears that the services were worth $1,000 per year from 1856 to 1863. Ehle swears that he did not think Pricture could have got a competent man for less than from $1,200 to $1,500 per year. The proof shows, what every body knows, that during the war services were worth considerably more than they had been previously. And we do not think it an unreasonable conclusion, to say that from August or September, 1862, down to the 9th of November, 1863, these services were worth $1,200 per annum. And this would entitle the claimant to just about the $1,000 additional compensation allowed by the court below.

We can see no reason for disturbing the finding; and the judgment must be affirmed.

*By the Court.* — Judgment affirmed.