JOHN PATTON v. FLORA L. BOSTWICK, EXECUTRIX FOR
VICTOR M. BOSTWICK.

*Appeal from commissioners.*

A claim for money due upon a decedent's written agreement can
properly be submitted to the commissioners upon his estate,
and if disallowed the only remedy is by appeal from them; a
bill in chancery is not a proper proceeding.

Appeal from Barry.    Submitted June 20.    Decided
June 21.

BILL FOR ACCOUNTING for rents and profits.    Defend-
ant appeals.

*May, Buck & Powers* and *Oscar T. Tuthill* for. com-
plainant.    Commissioners on an estate cannot hear
claims for a balance due from their decedent to a part-
ner, *Gray v. Palmer*, 9 Cal., 616; nor a claim against a
deceased trustee for the execution of the trust, *Gunter v.
Janes*, id., 643; nor a claim on a promissory note given
by a married woman, *Brown v. Sumner*, 31 Vt., 671;
nor can a claim for damages from a failure to condemn
land be presented to an administrator, *Bullion v. Camp-
bell*, 27 Tex., 653.

*W. K. Gibson* for defendant.

MARSTON, J.    This was simply a claim for a certain
amount of money claimed to be due and owing upon a
written agreement entered into by Victor M. Bostwick.
After his decease the claim was presented against his
estate for allowance by the commissioners and was dis-
allowed.    Instead of taking an appeal a bill in chancery
was filed and a decree rendered in favor of complain-
ant.    The claim in any view of the case was a proper
one to be presented against the estate, and it was one
which the commissioners had full power and authority

to allow. 2 Comp. L., § 4431. If disallowed the only remedy which was left the claimant was by an appeal.

The decree must be reversed and the bill dismissed with costs.

The other Justices concurred.