CHARLES B. LOTHROP, SPECIAL ADM'R v. EDWIN F. CONELY
ET AL, COM'RS ON THE ESTATE OF DENIS
J. CAMPAU.

*Estates of decedents—Appeal from administrator's appointment.*

Commissioners on a decedent's estate are a special tribunal which, for most purposes, is independent of the probate court, and from which an appeal lies to the circuit.

The proceedings of commissioners on an estate are not affected by an appeal from the order appointing the administrator, though it may temporarily suspend the hearing and disposal of claims unless there is a special administrator, and if there is, he should represent the estate.

Motion for writ of prohibition. Submitted and denied November 19.

CAMPBELL, C. J.    After the appointment of a general administrator commissioners were appointed to hear claims against the estate, and had given notices and entered on their duties. Afterwards an appeal was taken from the appointment of administrator and pending the appeal a special administrator was appointed. The commissioners continued to act, and a motion is made for a prohibition, the facts being admitted.

*C. B. Lothrop* for the motion.

*E. F. Conely* against.

PER CURIAM.    The appeal from the appointment of the administrator did not carry up with it any of the collateral proceedings and only stayed further proceedings in pursuance of the order appealed from. Comp. L., § 5225. The commissioners when once appointed become a special tribunal which for most purposes is independant of the probate court, and from which an appeal lies to the circuit court. There can be no reason why proceedings before them should be affected by such an

appeal, so long as no appeal has been taken from the
order appointing them, which must stand by itself.   If
there were no one to represent the estate before them,
there might be a temporary suspension of action by
them in the actual hearing and disposal of claims, because
the estate is interested in such disposal; but a special
administrator has for that purpose the same duty as a
general administrator and is bound to attend to the
interests of the estate.   We think the commissioners
should proceed without reference to the appeal, and
that the special administrator should represent the estate
before them.

The prohibition must be denied.