JONAH DE MOSS v. JOHN ROBINSON, ADMINISTRATOR.

*Oral promise to devise real estate.*

An oral agreement to devise property to a specified person is revocable during the testator's lifetime, and is not in itself valid if it covers real estate. And where the devise is not in accordance with the agreement a payment of money in consideration of such promise is without consideration, and the money may be recovered back by the one who made the payment or by his personal representative.

Error to Van Buren.    Submitted Jan. 7.    Decided April 27.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*Chandler Richards* for plaintiff in error.

*E. R. Annable* for defendant in error.

MARSTON, C. J.    Harriett De Moss having received $900, offered to give it to the plaintiff in error, who was her father-in-law, "on condition that he should make his will giving his property to his two children (one of them the husband of Harriett) equally in case her husband survived her, and in case she survived her husband then that plaintiff in error should will his property equally, to the remaining son and

herself." This proposition seemed to have been satisfactory, the money was paid over and a will afterwards made and executed, which the testator offered to read to Harriett, but she expressing confidence in the testator it was not read. Harriett De Moss dying intestate Robinson was appointed administrator and brings this action to recover back the money. The will gave certain of testator's property to his wife and also bequeathed to her his real estate for and during the term of her natural life, and subject to this life estate the real estate was bequeathed in accordance with the oral agreement with Harriett De Moss.

The administrator recovered in the court below, and we find no error in the record. The payment was made without consideration. The oral agreement related, in part at least, to real estate, and no valid agreement was made binding upon the plaintiff in error. The will he made was not in accordance with the oral agreement, and even if it had been there was nothing to prevent his revoking the same, or selling or encumbering the same during his life-time. Under such circumstances the administrator was entitled to recover, and the judgment must be affirmed with costs.

GRAVES and CAMPBELL, JJ., concurred.

COOLEY, J. This action is brought by John Robinson, administrator of the estate of Harriett I. De Moss, to recover from Jonah De Moss the sum of nine hundred dollars which it is conceded the intestate in her life-time let the defendant have of her own moneys. The defence is this: That the intestate was the daughter-in-law of the defendant, and at the time of letting him have the money was living with her husband in his family; that the sum in question was all her means, and she and her husband had contemplated making use of it in the purchase of lands, but as it could not be of much avail in that direction without leaving them considerably in debt, she decided to offer it to the defendant to pay a mortgage on his homestead, if he would agree that in the event of her surviving her husband the share the husband would

otherwise have taken in the defendant's estate should be willed by defendant to her. The proposition was made and assented to. Unfortunately the terms are not made very clear by the evidence, and there is reason to believe they were not very definite in the minds of the parties. Defendant testified that Harriett said she wanted it so fixed that if she outlived her husband she would come in as one of two heirs—defendant having but one child besides her husband. The substance as stated by other witnesses is not very different, and on all hands it is agreed that the arrangement was to be completed by a will executed by defendant. The money was paid over and the will was made. This bore date April 24, 1876. By this the defendant gave to his wife his household goods, pictures and library for her life, and "the right to occupy" and have one-third the net proceeds of his homestead of twenty acres for her life-time; these gifts to be in lieu of dower. He then gave the remainder of his property to his two children, but provided that in case the husband of Harriett died in her life-time, Harriett should have the share that otherwise would go to him. This will was executed in due form, and defendant offered to show it to Harriett, but she expressed a confidence that it had been executed according to agreement, and did not look at it. The will remained unaltered until Harriett's death, and she and her husband continued to live with defendant.

The question is whether this will is a sufficient consideration for the money defendant received. This, it seems to me, must depend upon whether the will complies with the understanding under which it was made. There is nothing in the nature of the act to be done that precludes a party from bargaining for a benefit to be received by will; and promises to reward services in that way have been frequently considered and held valid. The cases of *Fenton v. Emblers* Burr. 1278; *Jacobson v. LeGrange* 3 Johns. 199; *Patterson v. Patterson* 13 Johns. 379; *Martin v. Wright* 13 Wend. 460; *Eaton v. Benton* 2 Hill 576; *Bayliss v. Pricture's Estate* 24 Wis. 651; *Jilson v. Gilbert* 26 Wis. 637; *Little v. Dawson* 4 Dall. 111; *Snyder v. Castor* 4 Yeates 353,

and *Sword v. Keith* 31 Mich. 247, either affirm or recognize this principle, and in *Faxton v. Faxon* 28 Mich. 159, it is said that such a promise does not differ in its essentials from any other. Where it rests in parol its performance could not be enforced in equity if lands were to be devised; *Harder v. Harder* 2 Sandf. Ch. 17; *Gould v. Mansfield* 103 Mass. 408; unless under such circumstances as would justify the enforcement of a parol contract for the conveyance of lands; *McClure v. McClure* 1 Penn. St. 374; but if the contract is not within the statute of frauds, equity may compel those on whom the legal title has devolved to convey lands in fulfillment of the promise to give them by will: *Randall v. Willis* 5 Ves. 262; *Fortescue v. Hennah* 19 Ves. 67; *Brinker v. Brinker* 7 Penn. St. 53; *Logan v. McGinnis* 12 Penn. St. 32; *Mundorff v. Kilbourn* 4 Md. 459.

In this case the contract was not in writing, and it contemplated that lands should be devised. It was not of its own force, therefore, a valid contract. But it was fully performed on the part of the intestate, and if the will which was made by defendant was in accordance with the understanding, it was fully performed by him also. The intestate continued to reside with defendant up to the time of her death, and had defendant deceased first, she would have had the benefit of the provisions made on her behalf by the will. This performance on both sides relieves the case of any question that might otherwise arise under the statute of frauds.

Did then the will as made conform to the understanding of the parties? This is a question of fact, but it seems to me there is abundant evidence from which the jury might have found that it did. It could not have been contemplated that the rights of defendant's wife were to be disturbed or restricted: she had a contingent right of dower which defendant could not take from her, and she would also be entitled, in case she survived him, to certain articles of personal property. The circumstances of the parties are not fully explained in the evidence, but it is evident the

46 MICH.—5

property was quite limited in amount and value, and it is doubtful if she would receive anything under the will to which she was not entitled without it.   This again is a question of fact.   So far as the occupation and use of the land is concerned it is plain, I think, that the intention was to give her just what she would be entitled to as dower.   If so, I do not see how it can be said the defendant did not perform his agreement.

The circuit judge instructed the jury that if they should find there was a complete giving of the money by decedent to her father-in-law, the defendant, retaining no rights and looking to no ultimate benefit for herself, or for another in case of her decease, then the plaintiff could not recover.   If they found otherwise, they were instructed they must return a verdict for the plaintiff.   This instruction made the agreement under which the money was paid wholly inoperative. In this I think there was error.   I am of opinion that if the contract was substantially complied with by the will which defendant made, and which was allowed to remain unrevoked until the decedent's death, then she had received full consideration for the money she paid to the defendant, and her administrator cannot recover it back.

The judgment, therefore, I think, should be reversed.