JOSEPH A. PATRICK, ADM'R FOR JOHN W. PARDEE v. EMILY HOWARD, ADM'X FOR JOSEPH PARDEE.

*Probate appeals—Letters of administration—Statement of claim—Jurisdiction—Hearsay—Ownership of intestate's estate—Contradiction of impeaching testimony—Evidence of amount of hay crop—Presumption of delivery of deed.*

It is *suggested* that there ought to be some statutory limitation upon the time allowed for taking out letters of administration.

On appeal from commissioners on an estate the probate claim need not be put in the form of a declaration: the case cannot be enlarged, and no claim can be heard that was not passed on by the commissioners.

The circuit courts have no original jurisdiction over claims against estates.

On probate appeals from commissioners on claims against estates, it is the safer practice to confine the jury's attention to the items on which testimony is offered as they are introduced during the trial, rather than to permit pleadings to be read to them which include items that they cannot properly consider.

In prosecuting a claim against the estate of a son for articles converted by him while living on the estate of his father, a daughter of the

plaintiff's intestate after stating that the mother "stayed right there at her own home" was asked "and [the son] took the whole thing and ran it and carried it on?" *Held*, that this question called for the deductions of an interested witness upon a subordinate issue which belonged to the jury, and that it led too far and its allowance was erroneous.

Where individual witnesses, in testifying to the reasons of several joint parties for delaying in the presentation of stale claims, speak in the plural number, their testimony, so far as it involves merely the knowledge or opinions of others than themselves, is hearsay.

Testimony that the family of an intestate continued to occupy the estate together, and one of the heirs paid the household expenses, does not warrant the submission of the question whether he claimed to own the property.

A witness who has denied making a statement properly identified cannot contradict impeaching testimony on this point by showing that he had no such idea as is expressed by such statement.

The amount of hay raised on a farm in a given year cannot be proved by showing the average acreage of grass land and its yield in other years.

The delivery of a deed is presumed from its having been executed, acknowledged and recorded and from possession by the grantee or beneficiary under it, unless there are facts against the presumption.

Error to Wayne.    Submitted Oct. 4.    Decided Oct. 12.

Appeal from the disallowance, by commissioners, of a claim against the estate of John W. Pardee. Defendant brings error. Reversed.

*C. I. Walker* for plaintiff in error.

*Levi Bishop* for defendant in error.

CAMPBELL, J. This case has been tried several times, and this is the third occasion of its appearance in this court for review, and the former decisions are reported in 38 Mich. 795, and 43 Mich. 121. It is peculiar in being a controversy between two estates from the beginning, so that neither interest in litigation has the benefit of the personal knowledge of the persons whose transactions are under review. And it is very manifest that the chief and perhaps

the only difficulties which attend the dispute are caused by the long delay. The suit is brought on behalf of the estate of Joseph Pardee who died in 1859, against the estate of his son, John W. Pardee, who died in 1872. No administration was sought of the former estate until 1875, and John W. Pardee lived till 1872, without having been proceeded against during his life-time. It is unfortunate that our laws have not imposed some limitation on the time allowed for taking out letters of administration; and whether the delay is well or ill founded, upon which we are not in a position to pass, it is a misfortune which in our opinion illustrates the great mischief of allowing letters to be postponed indefinitely.

The questions raised make it necessary to refer to the shape in which the issues are presented. The claim presented to the commissioners of John W. Pardee's estate and rejected by them consisted of an itemized account of specific articles of property claimed to have belonged to Joseph and to have been wrongfully converted to his own use by his son John W., and claims for rent and timber which have been thrown out as not proper claims. After the last decision by this court, there appears to have been an amended declaration filed in the circuit court for the county of Wayne, which in some respects changes the claim, and includes also a demand for a partnership balance, in case it should turn out that the father and son were in partnership. There may be no objection to putting the probate claim on appeal in the form of a declaration, but the practice is not necessary, and can seldom be of much use. The case made before the commissioners can never be enlarged or changed on appeal, unless by reductions or immaterial alterations, and no claim can be heard that was not passed on by the commissioners. The circuit court has no original jurisdiction over claims against estates, and no new claim can be made there. The probate issues need not be changed in form in such cases or in analogous cases, and whether changed in form or not cannot be added to in substance. *Baptist Miss'y. Union v. Peck* 9 Mich. 445; *Torrey v. Wayne Circuit*

*Judge* 38 Mich. 614; *Comstock v. Smith* 26 Mich. 306; *La Roe v. Freeland* 8 Mich. 531; *Fish v. Morse* 8 Mich. 34; *Lothrop v. Conely* 39 Mich. 757; *Patton v. Bostwick* 39 Mich. 218; *Hillebrands v. Nibbelink* 40 Mich. 646.

The first errors complained of relate to the ruling of the circuit court permitting the original claim before the commissioners, and also the amended declaration to be offered in evidence. It is urged in answer to this objection that it is entirely proper to read the pleadings and issues to the jury to inform them what issues they are to try. The record, however, does not bear this construction, and as we must accept it as we find it, we cannot say that they would not suppose these documents were to receive some consideration as presumptively worthy of more or less reliance. But if allowed as a guide to the issues they are equally misleading,—the one as showing a large claim for rent and damages to the freehold, and the other as including a partnership claim, none of which could be lawfully considered by them. If any of these matters belonged to a partnership account, as claimed by the defendant below, that was a complete defence to such claims, and not a change in the form of liability.

But we deem it proper to observe that it is generally a safer and better practice to confine the attention of the jury to the items on which testimony is offered, as they are introduced during the trial, so as to avoid confusion. It is difficult if not impossible for any one from a single recital to remember a long list of items; and on probate appeals, where no new ones can be introduced, it is not proper to allow any misleading representations to get before them as to the real points in controversy, in any responsible way.

It is also objected that plaintiff's counsel below was allowed to ask Mrs. Evans, an heir of Joseph Pardee and one of plaintiff's witnesses, a question objected to not only as leading, but as involving an inference which was not proper to draw from the witness. It appears that there was evidence that after the death of Joseph Pardee, his widow remained in the house, with John Pardee, and other heirs,

and it was their family residence. The conversion of some of the property, including household articles and other things used in connection with the homestead, was sought to be shown in part by the dominion exercised by John over them. After stating in answer to some questions that her mother "stayed right there at her own house" she was asked the following question : "And John took the whole thing and ran it, and carried it on?" to which she replied affirmatively, and stated that he provided everything, including the help.

In most cases the mere leading form of a question is not beyond the discretionary allowance of the trial judge, and where the question relates to a single fact and not a conclusion, it is difficult to say its reception is erroneous, however improper it may be as an unwise exercise of discretion. But this question involved not a single fact but an important subordinate issue which belonged to the jury, and which should have been determined from facts, and not from a witness' conclusions. It is not so objectionable for being leading as it is for leading too far. The witness was interested in the controversy, as well as informed on family matters, and especially liable to be biased in her inferences. The ruling went too far.

Objection is also made to certain testimony allowed by various witnesses to explain the delay in taking out letters. It involves a series of answers which, without explaining to what persons they referred, and who were active in either furthering or delaying administration, undertook to say why "we" waited, what "we" thought, and among other things that it was on account of certain Conkling heirs.

It seems to have been thought necessary—as it certainly seems to have been expedient—to give some reason why no steps were taken to enforce the alleged claim against John W. Pardee, during his life-time, and to take out letters of administration. The object of the testimony was to answer the presumptions that might be urged against a stale claim, from the failure of the parties interested to bring it forward. It is manifest that in such matters, as in any others, hearsay

testimony must be rejected, and facts must be shown definitely, by witnesses who know them. A portion of this testimony involving knowledge or opinions of others than the witness was hearsay, and other portions of the questions and answers were entirely indefinite, and referred to nothing tangible. All of such testimony was improper for the reasons already given, and for the further reason that it is impossible from these questions and answers to tell the materiality or relevancy of the explanation as bearing on the delay.

In the same connection it was error to submit the question to the jury whether John claimed to own the property, when it is found that the only evidence bearing on the subject was the continued family occupancy, and his payment of household expenses.

We can also find no reason or authority for allowing a witness who has denied having made a certain statement properly identified, to contradict her impeachment by another witness, by stating that she had no such idea in her mind. The purpose of calling a witness' attention to time and place is to give such witness a full opportunity to explain or deny any such conversation. But to allow a second denial by a statement of what was in her mind, to contradict the statement of another witness as to what she actually said, would render impeachment a farce. What is said can be known by those who hear it, and the jury may believe either of the two witnesses on that fact which is susceptible of proof. But what a witness thinks cannot be reached by other minds, and its statement is no more than a repetition in another form of the contradicted statement. Any rule which would allow this would allow the impeaching witness to make a reassertion, and so on indefinitely.

We are also of opinion that the amount of hay raised on a farm in a given year cannot be shown by showing the average acreage of grass and its yield in other years.

We are also of opinion that where deeds are executed and acknowledged and recorded, they are, under our recording laws, presumably delivered, unless some facts are shown

against that presumption. And possession by a grantee or other beneficiary under a completed instrument raises a similar disputable presumption. There seems to have been a disregard of this in some of the rulings. There are also some other instances where charges seem to have been made in the absence of evidence, which we need not dwell upon as the same principle applies to all of them.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.