THOMAS B. RAYL, SAMUEL H. DAVIS, AND DAVID W. DAVIS v. HENRY N. BREVOORT, CIRCUIT JUDGE OF WAYNE COUNTY.

*Bill of exceptions—Time for settlement—Claim against estate of decedent—Entry of judgment.*

1. The time for the settlement of a bill of exceptions, under Circuit Court Rule No. 85, runs from the date of the judgment.

2. This rule applies as well to the adjudication of the allowance of a claim filed against the estate of a deceased person at a certain sum, or a disallowance, on appeal to the circuit court, as to a common-law judgment. How. Stat. § 5913; *La Roe v. Freeland,* 8 Mich. 531.

*Mandamus.* Argued March 1, 1892. Granted March 18, 1892.

Relators applied for *mandamus* to compel respondent to settle a bill of exceptions. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for relators.

*George H. Lothrop (Don M. Dickinson,* of counsel), for respondent.

PER CURIAM. *Mandamus* is asked to compel the respondent to settle a bill of exceptions.

The relators filed a claim against the estate of George H. Hammond, and an appeal was taken from the action of the commissioners to the circuit court. The case came on for trial at the September term, 1890; and a verdict was entered by direction of the court, in favor of the estate, on the 9th of December, 1890. A bill of exceptions was presented in January, 1892, to respondent, who refused to settle the same. The time for settling the bill of exceptions had been twice extended, but the term of the last extension had expired in June, 1891.

We are well satisfied that there was no abuse of discretion on the part of the respondent in refusing to settle the bill of exceptions, if the time for settlement of such bill runs from the date of the rendition of verdict.

Circuit Court Rule No. 85 provides that exceptions shall be settled on notice,—

"Which notice shall be for some day during the term at which the trial was had, unless the court or circuit judge shall otherwise order."

We think the general understanding of the profession has been that the trial which is referred to here includes the entry of judgment, and that the time for settlement of the bill runs from the date of judgment; and we so construe the rule. This being so, the application for the settlement of the bill was in time.

It is suggested that no formal entry of judgment was required in this cause. How. Stat. § 5913, provides that—

> "The final discision and judgment, in cases so appealed, shall be certified by the circuit court or Supreme Court, as the case may be, to the probate court; and the same proceedings shall be had thereon as if such decision had been reported by the commissioners."

It was held in *La Roe v. Freeland,* 8 Mich. 531, that the correct form of the judgment in the circuit court on appeal would be an adjudication of the allowance of the claim at a certain sum, or a disallowance, and not a judgment against the administrator in a common-law form. But it is not held that a judgment by the court is unnecessary, nor do we think the statute subject to that construction. The verdict of a jury and the entry of judgment are two distinct acts. After verdict and before judgment either party may move in arrest of judgment, and the entry of judgment is the exercise of a judicial function. We see no reason why any different rule should obtain in a case appealed from commissioners than that which controls in a common-law action.

It follows that the relators have not lost the right to settle the bill.