RAUB *v.* NISBETT.

1. APPEAL FROM PROBATE COURT—DISALLOWANCE OF CLAIM— CHANGE OF THEORY.

Upon an appeal from the disallowance by commissioners of a claim against an estate, it appeared that the issue before the commissioners was whether the estate was indebted to claimant upon an accounting as trustee. The claim, upon its face, was equally consistent with the theory that it was based on an absolute sale of property. *Held,* that the claimant could not present his claim in the circuit upon the latter theory.

2. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—LACHES.

The administrator in such case is not guilty of laches in failing to introduce upon the trial the testimony of the attorney who drew the deed and bill of sale out of which the claim arose, to the effect that the transfer was in trust, so as to preclude him from obtaining a new trial upon the discovery of such evidence, although he knew the papers were in the attorney's handwriting, since there was nothing to indicate that claimant would proceed on appeal upon a new and different theory.

Error to Mecosta; Palmer, J. Submitted November 18, 1896. Decided December 1, 1896.

Samuel F. Raub presented a claim against the estate of Stephen S. Wilcox, deceased. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for claimant, William P. Nisbett, administrator, brings error. Reversed.

*L. G. Palmer* and *C. H. Thrall,* for appellant.

*M. Brown,* for appellee.

GRANT, J.   Plaintiff filed with the probate court a claim entitled as follows:   "Bill of Particulars of Unsettled Claim of Samuel F. Raub against the Estate of Stephen S. Wilcox, Deceased."   The first item was dated September 27, 1887, and the last, October, 1889, the total claim being $15,145.49.   The property described in the claim consisted of shingles, a shingle mill, and land. The affidavit attached to the claim stated that the estate was indebted to him in about the sum of $4,000, as near as he could estimate the same.   The claim was disallowed by the commissioners.   Plaintiff appealed, and in the circuit court obtained a judgment.   There is nothing upon the face of the claim to indicate the basis upon which it was made.   It does not appear whether it is based upon the theory of the sale of the property described in the claim, or upon a trust relation.   Upon its face it is as consistent with one theory as with the other.   It is evident from the affidavit attached to the claim that Mr. Wilcox received the property under some relation by which he was to account.   It therefore required evidence before the commissioners to show the basis of recovery. The three commissioners were produced upon the trial in the circuit, and all testified that Mr. J. M. Raub, who was the sole witness before the commissioners to prove the basis of the claim against the estate, and who had died before the trial in the circuit, testified that the property was transferred to Mr. Wilcox in trust, to be manufactured and sold by him, the proceeds to be applied in payment of a debt due Wilcox, and other debts, amounting to about $4,000, and that Wilcox was to take the shingle mill as it then was, and the shingles on hand, dispose of them to the best advantage, operate the mill, advance money to pay expenses, and to finally make an accounting; the balance, if any, to be turned over to Mr. Raub.   There was no testimony to contradict that of the commissioners, and this evidence established the fact that the claim was presented to the commissioners on the

basis of a trust.    The lumber conveyed had all been manufactured, and, with the shingles on hand at the time of the conveyance, had been sold by Mr. Wilcox, and the mill plant also sold; and Mr. Wilcox had rendered an account showing that he had paid all the debts, and that there was a small balance due him.    In the circuit court the plaintiff sought to establish his right of recovery, not upon a trust relationship, but upon the theory of an absolute sale.    The law did not permit him to change the issue upon the trial in the circuit, and the court should, as requested, have directed the jury that there could be no recovery upon the basis of a sale.    The two theories are utterly inconsistent, and, if plaintiff had presented his claim upon these two theories, the court would have compelled him to elect upon which he would proceed. *Meyers* v. *McQueen*, 85 Mich. 156.    The issue before the commissioners was whether the estate was indebted to the plaintiff upon an accounting as trustee.    This issue continued the same on appeal to the circuit court.    *Hatheway's Appeal*, 52 Mich. 112.

The defendant moved for a new trial upon the ground of newly-discovered evidence.    This motion was based upon the affidavit of the attorney who drew the deed and bill of sale from Raub & Co. to Mr. Wilcox, stating that the agreement between the parties at the time of the transfer was the same as that already stated, as testified to by Mr. Raub before the commissioners.    We think the court should have granted this motion.    The motion was refused because the court was of the opinion that the defendant had not used due diligence in looking up this evidence, since he knew the papers were in the handwriting of this attorney.    There would have been force in this ruling if the case had been presented before the commissioners upon the theory of a sale, but, there being nothing upon that hearing to indicate that in the circuit a different position would be taken, the defendant was under no obligation to look for this evidence, and could not, therefore, be charged with laches.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.