GOODRICH *v.* HUBBARD'S ESTATE.

1. FRAUDS, STATUTE OF—ORAL PROMISE TO WILL LAND WITHIN STATUTE—ESTATES OF DECEDENTS.

   Claims presented against a decedent's estate based on deceased's failure to keep an alleged oral promise to will or deed to plaintiff a store building, effective at her death, and also that deceased failed to keep an alleged oral promise to plaintiff's parents to rear her and leave her what property she had at her death, are within the statute of frauds (3 Comp. Laws 1915, § 11977).[1]

2. EXECUTORS AND ADMINISTRATORS—CLAIM TRIED BEFORE CIRCUIT COURT MUST BE SAME TRIED BEFORE COMMISSIONERS.

   The circuit court in hearing cases appealed from commissioners on claims exercises appellate jurisdiction, and, therefore, the claim there tried must be substantially the claim tried before the commissioners.[2]

3. SAME—AMENDMENT OF CLAIM IN CIRCUIT TO CONFORM TO DIFFERENT THEORY NOT ALLOWABLE.

   Where a claim against a decedent's estate, as presented in the circuit court, was based on a different theory than as presented to the commissioners on claims, the court properly refused to allow an amendment of the claim to conform to the change in theory.[3]

Error to Allegan; Cross (Orien S.), J.    Submitted October 8, 1925.    (Docket No. 36.)    Decided December 22, 1925.

Emma L. Goodrich presented claims against the estate of Emma L. Hubbard, deceased.    The claims were disallowed by the commissioners, and plaintiff appealed to the circuit court.    Judgment for defendant on a directed verdict.    Plaintiff brings error. Affirmed.

[1]Frauds, Statute of, 27 C. J. § 170; [2]Courts, 15 C. J. § 443; [3]Executors and Administrators, 24 C. J. § 1141.

*Charles Thew,* for appellant.

*Wilkes & Stone,* for appellee.'

FELLOWS, J.    Two claims were in fact included in plaintiff's claim filed with the commissioners on claims.    The substance of the first one was that many years before decedent's death plaintiff's husband deeded to deceased a store building upon the promise of deceased that she would will or deed the same, effective at her death, to plaintiff; it is claimed there was failure to carry out the promise.    The second claim alleged that plaintiff was taken when five weeks old by decedent, who was her aunt, into her home upon her promise to plaintiff's parents that she would rear her and leave her what property she had at her decease, alleged that the promise had not been kept and asked recovery of damages measured by the value of the estate, the major portion of which consisted of real estate.    There was in neither claim any allegation that claimant performed services of value in reliance upon the several promises and the record fairly discloses that upon the hearing before the commissioners she relied for recovery solely on the breach of the promises.    In the circuit court counsel for the estate promptly raised the question that both contracts were within the statute of frauds.    Plaintiff's counsel then insisted upon the right to introduce evidence and to recover upon these theories:    As to the first claim, he stated that deceased owned a mortgage on the store building owned by plaintiff's former husband and that he deeded it to her thus saving her the expense and delay of foreclosure, and claimed that plaintiff was entitled to recover the rent for the period it would take to foreclose the mortgage; as to the second claim, that plaintiff had performed valuable services for deceased under such circumstances as justified a recovery on the *quantum meruit.*    Upon

an intimation from the court that such testimony was not admissible under the claims as presented to the commissioners, plaintiff's counsel sought to amend the claims along the lines indicated, but the trial judge held that such a change of claims was not permissible on appeal and directed a verdict for the estate without prejudice to filing proper claims before the commissioners.

It was not seriously contended in the court below and is not seriously contended here that the contracts alleged in the claims are not within the statute of frauds.    See section 11977, 3 Comp. Laws 1915; *Jefferson* v. *Kern*, 219 Mich. 294; *Raub* v. *Smith*, 61 Mich. 543 (1 Am. St. Rep. 619) ; *Scott* v. *Bush*, 26 Mich. 418 (12 Am. Rep. 311) ; *DeMoss* v. *Robinson*, 46 Mich. 62 (41 Am. Rep. 144) ; *Sutton* v. *Rowley*, 44 Mich. 112; 27 C. J. pp. 208, 209.    Counsel for plaintiff, however, places his principal reliance to support the second claim upon *In re Williams' Estate*, 106 Mich. 490, and it is the second claim that is here stressed.    In that case this court held that the mother's agreement to convey land in consideration of services to be performed was void under the statute of frauds but might be resorted to "for the purpose of negativing the presumption that they were gratuitously rendered," and that plaintiff could recover the value of services rendered under it.    But in her claim as presented she asked to recover for her services performed by her for a period of over 20 years and the case went to the jury with this instruction:

"If the claimant is entitled to recover at all, she can only recover the actual intrinsic value of her services for the time they were rendered, and according to their kind and character, without reference to the alleged contract or the value of the property which Mrs. Williams had at her death."

The claim as to store building as outlined by plaintiff's counsel in the circuit was obviously so radically different from the one presented to the commissioners as to require no further comment. The other one made no claim that any services had been performed by plaintiff for deceased and sought no recovery upon that theory. It sought recovery solely for breach of the agreement to convey by will or deed. In the final analysis the meritorious question before us is whether the court erred in refusing an amendment of the claim.

This court has never applied strict rules of pleadings to claims presented to commissioners, and the propriety of amendment in matter of form has been frequently recognized. But this court has consistently held that the circuit court exercises appellate jurisdiction and that the claim there tried must be substantially the claim tried before the commissioners. In *Patrick* v. *Howard,* 47 Mich. 40, Mr. Justice CAMPBELL, speaking for the court, said:

"The case made before the commissioners can never be enlarged or changed on appeal, unless by reductions or immaterial alterations, and no claim can be heard that was not passed on by the commissioners. The circuit court has no original jurisdiction over claims against estates, and no new claim can be made there. The probate issues need not be changed in form in such cases or in analogous cases, and whether changed in form or not cannot be added to in substance. *American Baptist Missionary Union* v. *Peck,* 9 Mich. 445; *Torrey* v. *Wayne Circuit Judge,* 38 Mich. 614; *Comstock* v. *Smith,* 26 Mich. 306; *La Roe* v. *Freeland,* 8 Mich. 531; *Fish* v. *Morse,* 8 Mich. 34; *Lothrop* v. *Conely,* 39 Mich. 757; *Patton* v. *Bostwick,* 39 Mich. 218; *Hillebrands* v. *Nibbelink,* 40 Mich. 646."

See, also, *In re De Haan's Estate,* 169 Mich. 146; *Luizzi* v. *Brady's Estate,* 140 Mich. 73; *Raub* v. *Nisbett,* 111 Mich. 38. In the last cited case the claim as presented was upon its face consistent with two

theories, one that of trust relations, the other that of an absolute sale of property. The proof showed that before the commissioners recovery was sought on the trust theory. It was held that upon the trial in the circuit plaintiff could not recover on the other theory. The trial judge but followed these and other cases which might be cited. He made a proper disposition of the case.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

WIEST, J. I concur. Plaintiff's remedy, if any, is in equity.