*In re* OLDMAN'S ESTATE.

BRINKS EXPRESS CO., INC., *v.* FOGG.

Executors and Administrators—Pleading—Appeal and Error.
On appeal to circuit court from disallowance of claim against deceased's estate arising out of automobile accident, order permitting administrator to file cross-declaration against claimant for death of decedent, caused by same accident, resulting in verdict and judgment of no cause of action as to both parties, is affirmed, on appeal, by equally divided court.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted November 2, 1932. (Docket No. 65, Calendar No. 36,556.) Decided June 29, 1933.

In the matter of the estate of James Warren Oldman, deceased. Brinks Express Company, Inc., a

foreign corporation, presented a claim for damages to its property to commissioners on claims. Claim disallowed. Plaintiff appealed to circuit court. Frank M. Fogg, administrator, filed a cross-declaration. Verdict and judgment of no cause of action as to either party. Plaintiff appeals. Affirmed, by an equally divided court.

*Bisbee, McKone, Wilson & King,* for plaintiff.

*Mason, Alexander & McCaslin, Carl F. Davidson,* and *Hugh K. Davidson,* for defendant.

Clark, J. Brinks Express Company filed with commissioners on claims in probate court claim arising in tort against the estate of James Warren Oldman, deceased, for damages to an automobile, which was in collision with automobile of deceased in which accident he was killed. The claim was disallowed. Claimant appealed to circuit court, where, on motion of the administrator and over claimant's objection, the administrator was permitted to file a cross-declaration which contained two counts, one on the survival act (3 Comp. Laws 1929, § 14040), the other on the death act (3 Comp. Laws 1929, §§ 14061, 14062). The verdict was no cause of action as to both parties. From judgment on the verdict, claimant has appealed.

It was proper to present the claim arising in tort to commissioners on claims. *Ford* v. *Maney's Estate,* 251 Mich. 461 (70 A. L. R. 1315).

It is recognized that the circuit court in hearing this matter appealed from commissioners on claims exercised appellate jurisdiction (*Goodrich* v. *Hubbard's Estate,* 233 Mich. 346), and that, "The case made before the commissioners can never be enlarged or changed on appeal," quoting from *Patrick* v. *Howard,* 47 Mich. 40.

This rule was not violated by the filing of the cross-declaration, expressly authorized by 3 Comp. Laws 1929, § 14142, for the statute provides that the "plaintiff shall proceed as though an independent action had been started against him."

The cross-action being regarded as independent, it cannot be treated as having changed or affected plaintiff's claim before the court on appeal.

Deceased was killed instantly, and proofs of cross-plaintiff were under the death act (3 Comp. Laws 1929, §§ 14061, 14062), which gives a special remedy to those who suffer loss by the death (*Ford* v. *Maney's Estate, supra*), and the proceeds of which are not strictly assets of the estate. *Thomas* v. *Morton Salt Co.*, 253 Mich. 613, except as regards 3 Comp. Laws 1929, § 15585; *Findlay* v. *Railway Co.*, 106 Mich. 700. And the statute requires the action to be brought by the personal representatives of the deceased and it provides also for distribution of any amount recovered. No question is raised under or upon 3 Comp. Laws 1929, § 15682, it being regarded apparently as not here applicable.

It follows that permitting cross-declaration was not error. There is evidence of negligence against both drivers of the automobiles in collision. The whole matter of negligence was for the jury and the assignments argued in that regard present no reversible error.

Affirmed.

Potter, North, and Butzel, JJ., concurred with Clark, J.

Wiest, J. I cannot concur in the opinion prepared by Mr. Justice Clark.

In the case at bar the circuit court could not permit an issue to be framed and tried upon a subject

not within the jurisdiction of the probate court, for the circuit court had appellate jurisdiction only. The estate could not prosecute an action in the probate court against claimant for damages for the negligent killing of Mr. Oldman.

Probate matters must originate in probate court, and, when issues therein are sent to another court, either by appeal or certificate, the latter court exercises appellate, not original, jurisdiction. *In re Reid's Estate,* 248 Mich. 360.

Under the practice sanctioned by my brother's opinion, the court would exercise appellate jurisdiction under the claim against the estate, and original jurisdiction on the claim made by the estate against claimant. This cannot be done.

I do not agree that the statute, 3 Comp. Laws 1929, § 14142, authorizes any such procedure. That statute provides:

"In any action hereafter brought in any court of the State to recover damages for any injury to person or property, wherein recovery is sought because of the alleged negligence of the defendant, or of his agent, servant, representative, or employee, or for the alleged breach of a statutory duty owing thereby, such defendant may at the time of filing and serving his plea, also file and serve a cross-declaration against the plaintiff setting forth the facts in any cause of action for damages or injury to his person or property because of the alleged negligence of the plaintiff or his agent, servant, representative, or employee, he may have against said plaintiff arising out of the occurrence, forming the basis of plaintiff's case. Thereupon such plaintiff shall proceed as though an independent action had been started against him by defendant and shall plead to such cross-declaration or take such other step with reference thereto as may be authorized by statute or by

rule of court: *Provided,* That with the permission of the court such cross-declaration may be filed and served subsequently to the filing and service of defendant's plea."

This clearly relates to actions at law commenced in the circuit court, for it involves common-law pleadings, issues, and trial under original jurisdiction. Surely this statute can have no application to proceedings in the probate court, and, upon appeal, it cannot be made any more applicable.

In matters originating in the probate court the appellate court does not hear the case *de novo,* but is restricted to issues presented by reasons assigned for the appeal. *In re Murray's Estate,* 219 Mich. 70; *In re Beers,* 148 Mich. 300; *In re Ward's Estate,* 152 Mich. 218; *In re Broffee's Estate,* 206 Mich. 107.

Upon cause shown, reasons assigned for the appeal may be amended. 3 Comp. Laws 1929, § 15964. This relates to matters of form and not of substance. *In re Reid's Estate, supra.* Upon appeal, claimant cannot amend so as to present matters which the commissioners did not pass on. *In re DeHaan's Estate,* 169 Mich. 146.

The circuit court had no original jurisdiction in the case at bar, and no new claim by either party could be considered there.

If the cross-declaration be considered an independent action, then it has no place in an issue based on circumscribed appellate jurisdiction.

If the circuit court had original jurisdiction in the premises, then the statute would permit a cross-declaration, but neither party has, nor could, invoke such jurisdiction. If the representative of the estate desired to press the claim under the death act (3 Comp. Laws 1929, §§ 14061, 14062) for damages against claimant, the way was open to do so by action commenced in the circuit court.

Plaintiff's right to press its claim against the estate was not under the death act, cited by my brother, but the cross-claim by the administrator was under that act. If plaintiff has recovery, the *corpus* of the estate responds. If the administrator has recovery against claimant, such is not in behalf of the estate, but for distribution to persons suffering pecuniary injury resulting from such death. 3, Comp. Laws 1929, § 14062. The administrator has no claim of the deceased against claimant, but asserts a claim in behalf of persons suffering pecuniary injury by the death of Mr. Oldman. Such a claim could not be employed as an offset in the probate court under 3 Comp. Laws 1929, § 15682, neither may it be employed in the appellate court by way of cross-declaration.

I think the judgment should be reversed, with costs, and the case remanded for trial of the appeal from the probate court.

McDONALD, C. J., and SHARPE and FEAD, JJ., concurred with WIEST, J.