Brinks Express Company filed with commissioners on claims in probate court claim arising in tort against the estate of James Warren Oldman, deceased, for damages to an automobile, which was in collision with automobile of deceased in which accident he was killed. The claim was disallowed. Claimant appealed to circuit court, where, on motion of the administrator and over claimant's objection, the administrator was permitted to file a cross-declaration which contained two counts, one on the survival act (3 Comp. Laws 1929, § 14040), the other on the death act (3 Comp. Laws 1929, §§ 14061, 14062). The verdict was no cause of action as to both parties. From judgment on the verdict, claimant has appealed.
It was proper to present the claim arising in tort to commissioners on claims. Ford v. Maney's Estate, 251 Mich. 461
(70 A.L.R. 1315).
It is recognized that the circuit court in hearing this matter appealed from commissioners on claims exercised appellate jurisdiction (Goodrich v. Hubbard's Estate, 233 Mich. 346), and that, "The case made before the commissioners can never be enlarged or changed on appeal," quoting from Patrick
v. Howard, 47 Mich. 40. *Page 34 
This rule was not violated by the filing of the cross-declaration, expressly authorized by 3 Comp. Laws 1929, § 14142, for the statute provides that the "plaintiff shall proceed as though an independent action had been started against him."
The cross-action being regarded as independent, it cannot be treated as having changed or affected plaintiff's claim before the court on appeal.
Deceased was killed instantly, and proofs of cross-plaintiff were under the death act (3 Comp. Laws 1929, §§ 14061, 14062), which gives a special remedy to those who suffer loss by the death (Ford v. Maney's Estate, supra), and the proceeds of which are not strictly assets of the estate. Thomas v. MortonSalt Co., 253 Mich. 613, except as regards 3 Comp. Laws 1929, § 15585; Findlay v. Railway Co., 106 Mich. 700. And the statute requires the action to be brought by the personal representatives of the deceased and it provides also for distribution of any amount recovered. No question is raised under or upon 3 Comp. Laws 1929, § 15682, it being regarded apparently as not here applicable.
It follows that permitting cross-declaration was not error. There is evidence of negligence against both drivers of the automobiles in collision. The whole matter of negligence was for the jury and the assignments argued in that regard present no reversible error.
Affirmed.
POTTER, NORTH, and BUTZEL, JJ., concurred with CLARK, J.