The Equitable Central Trust Company presented two claims to the commissioners on claims in the estate of Mary Gzella, deceased. One of $4,014.97, representing the amount due on a mortgage, was allowed, but a claim of $350 for services rendered the deceased was denied. The report of the commissioners shows their action on these claims but fails to indicate that any offset was introduced against either of them. *Page 373 
Bernadine Stefaniak, the sole heir-at-law, did not attend the meetings of the commissioners, but after ascertaining the contents of their report, requested the administrator of the estate to appeal to the circuit court. Upon his failure to do so, she applied for leave to appeal, and alleged that the Equitable Central Trust Company was indebted to the estate of Mary Gzella in the amount of $5,400, which was more than sufficient to offset the claim that had been allowed. When counsel for the respective parties appeared before the circuit court to frame the issues for trial by jury, counsel for claimant contended that, inasmuch as the offset had not been asserted before the commissioners on claims, it was not open to consideration on the appeal to the circuit court. The claim as allowed was also disputed by the administrator, on the ground that it consisted solely of a contingent liability on the mortgage, the full extent of which could not be determined until after the foreclosure sale. The amount of $5,400 claimed as a set-off is an unliquidated sum appellant alleges to be due the estate on account of alleged malfeasance in administering the estate of Francis Gzella.
The trial judge refuged to include the set-off in framing the issues, on the ground that it had not been presented to the commissioners on claims, and, therefore, could not be considered for the first time on appeal. A jury had been demanded by the appellant, but when the court refused to permit the inclusion of the set-off, appellant's attorney stated that, while he would not waive a jury, the set-off was the only defense available against the claim allowed by the commissioners. No witnesses were called except to testify as to what transpired at the meetings of the commissioners on claims, and the court proceeded to render judgment for $4,227.51, *Page 374 
the amount due on the mortgage plus interest. The record is in rather unsatisfactory condition, for it fails to show the total mortgage liability by direct testimony. However, appellant's attorney stipulated on the record that a witness, if called, would testify that the amount found due by the commissioners was correct. Appellant cannot now complain that there was no proof of the amount due.
The serious and only substantial question raised on appeal is whether or not the failure to make a proper presentation of the claim of set-off before the commissioners on claims precludes its consideration for the first time on appeal in the circuit court. It was conceded that it was necessary to frame an issue in the circuit court before the trial of the case. 3 Comp. Laws 1929, § 15682, provides as follows:
"When a creditor against whom the deceased had claims shall present a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be; but no claim barred by the statute of limitations shall be allowed by the commissioners in favor of or against the estate, as a set-off or otherwise."
We have held repeatedly that on an appeal the circuit court will not consider claims not theretofore presented to the commissioners on claims, and that claims may not differ materially in form or substance from those presented in the probate court. These claims may not be changed on appeal unless by reduction or immaterial alteration. See Patrick v. Howard,47 Mich. 40; Hatheway's Appeal, 52 Mich. 112; Raub v. Nisbett,111 Mich. 38; Luizzi v. *Page 375 Brady's Estate, 140 Mich., 73. In re Reid's Estate, 248 Mich. 360, at pages 368, 369, we again stated:
"In re De Haan's Estate, 169 Mich. 146, it was held (quoting from the syllabus):
" 'On appeal from the commissioners on claims, the circuit court, not having original jurisdiction, cannot permit a claimant to amend his claim so as to present matters which the commissioners did not pass upon.'
"In the recent case of Goodrich v. Hubbard's Estate,233 Mich. 346, it was said:
" 'In the final analysis the meritorious question before us is whether the court erred in refusing an amendment of the claim.
" 'This court has never applied strict rules of pleadings to claims presented to commissioners, and the propriety of amendment in matter or form has been frequently recognized. But this court has consistently held that the circuit court exercises appellate jurisdiction and that the claim there tried must be substantially the claim tried before the commissioners.'
"We then quoted the following language of Mr. Justice CAMPBELL found in Patrick v. Howard, 47 Mich. 40:
" 'The case made before the commissioners can never be enlarged or changed on appeal, unless by reductions or immaterial alterations, and no claim can be heard that was not passed on by the commissioners. The circuit court has no original jurisdiction over claims against estates, and no new claim can be made there. The probate issues need not be changed in form in such cases or in analogous cases, and whether changed in form or not cannot be added to in substance.'
"Mr. Justice CAMPBELL then cites eight of the early cases so holding. Among the numerous cases to the same effect, see:Luizzi v. Brady's Estate, 140 Mich. 73; Raub v. Nisbett,111 Mich. 38; Jersey v. Jersey, 146 Mich. 660; In reWard's Estate, 152 Mich. 218; In re Mills' Estate, 158 Mich. 504; In re Murray's Estate, 219 Mich. 70; In re Barney's Will,187 Mich. 145; Johnson v. Bullard, 241 Mich. 170."
While there is testimony indicating that there was some informal discussion or mention of a claim of set-off, the finding of the trial judge that such a *Page 376 
claim was not presented is fully supported, not only by the fact that there was no proof of such claim filed, but also by the positive denial of the commissioners that such claim was presented to them. The facts in the instant case differ from those in Westra v. Estate of Westra, 101 Mich. 526.
The judgment is affirmed, with costs to appellee.
McDONALD, C.J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., took no part in this decision.