*In re* BEERS.

1. APPEAL AND ERROR—APPEAL FROM PROBATE COURT — NOTICE
   OF APPEAL—SCOPE OF REVIEW.
   > On appeal to the circuit court from an order of the probate
   > court directing a father to contribute to the support of his
   > indigent, adult, insane child, the circuit court is limited in
   > its hearing to the reasons stated in the petition for an appeal.

2. INSANE PERSONS—SUPPORT—LIABILITY OF PARENT — PROCEED-
   INGS TO ENFORCE—ORDER—SUFFICIENCY.
   > A probate order requiring a father to contribute not to exceed
   > $50 per quarter to the support of his indigent, adult, insane
   > child, confined in a State asylum for the insane, is not invalid,
   > in view of section 20, Act No. 217, Pub. Acts 1903, and Act
   > No. 221, Pub. Acts 1905, because not for a definite amount.

3. APPEAL AND ERROR—APPEAL FROM PROBATE COURT—NOTICE OF
   APPEAL—SCOPE OF REVIEW.
   > An appeal to the circuit court from an order of the probate
   > court directing a father to contribute not to exceed a certain
   > sum to the support of his indigent, insane child on the grounds
   > (1) that the order for issuing of the citation varies from the
   > petition and order, and is void; (2) that no specific sum is
   > ordered paid, but leaves the amount with the asylum author-
   > ities to fix, substituting their judgment for that of the court;
   > and (3) that the appellant is not legally liable for the support
   > of the insane person, does not authorize the circuit court to
   > make an order for a different amount.

Certiorari to Hillsdale; Chester, J. Submitted April
18, 1907. (Docket No. 132.) Decided April 30, 1907.

Petition by Clayton A. Powell, prosecuting attorney of
Hillsdale county, to compel Angus Beers to reimburse the
State for the expense of maintenance of his indigent, insane,
adult daughter at the Michigan asylum for the insane at
Kalamazoo. An order was entered granting the petition,
and respondent appealed to the circuit court. There was
an order modifying the order of the probate court, and

petitioner brings certiorari. Reversed, and order of probate court affirmed.

*John E. Bird*, Attorney General, *Arthur P. Hicks*, Assistant Attorney General, and *Clayton A. Powell*, Prosecuting Attorney, for petitioner.

*Frank M. Hall*, for respondent.

MOORE, J. This is a proceeding commenced in probate court to compel a father to contribute to the support of an indigent, insane, adult daughter, who is confined in the Michigan asylum for the insane at Kalamazoo. A hearing was held before the judge of probate for Hillsdale county. He made an order the material parts of which read:

"And it appearing to the court, after a full hearing upon said petition, that the said Sarah E. Beers is an indigent, insane person, and that Angus Beers is legally liable for the support and maintenance of Sarah E. Beers at said asylum, and is so situated financially as to be able to contribute to the future support and maintenance of the said insane person at said asylum, and to reimburse the State for the expenses heretofore paid by it in behalf of said insane person, and the said Angus Beers, relative as aforesaid, having been cited to appear and show cause why the prayer of the petitioner should not be granted, it is hereby ordered that the said Angus Beers pay to the treasurer of Hillsdale county, within 60 days from the date of this order, the sum of $158.75, to be applied towards reimbursing the State of Michigan for the expenses heretofore paid by it in the maintenance and support of the said Sarah E. Beers in the Michigan asylum for the insane, at Kalamazoo, Mich., up to the 1st day of April, A. D. 1906; and it is further ordered that the said Angus Beers pay to the treasurer of the State of Michigan, quarterly, not to exceed the sum of $50, the same to be applied by the said treasurer towards the payment of the expenses for the future maintenance and support of the said Sarah E. Beers in said asylum, and the said Angus Beers, relative as aforesaid, is therefore ordered to pay the same accordingly; that is to say, that said Angus Beers do pay to the treasurer of the State of Michigan

quarterly such sum as may be required for the support and maintenance of said Sarah E. Beers, while she is an inmate of said asylum, not exceeding $200 per annum."

An appeal was taken to the circuit court. The only reasons for taking the appeal were stated to be (1) that the order for issuing of the citation varies from the petition and order, and are void; (2) that no specific sum is ordered paid, but leaves the amount with the asylum authorities to fix, substituting their judgment for that of the court; (3) that the said Angus Beers is not legally liable for the support and maintenance of said Sarah E. Beers. No issue was framed in the circuit court and no testimony was taken therein. The circuit judge made an order, after the formal part thereof, which reads as follows:

"In this cause, the court doth find and order that the said Angus Beers, the respondent herein, pay to the State of Michigan for the maintenance of the said Sarah E. Beers the sum of $25 quarterly, or a total of $100 per year."

It is sought to review this action of the circuit judge by writ of certiorari.

The first question presented is: Was the circuit court limited in its hearing to the reasons stated in the petition for an appeal? In 1 Chatterton on Probate Law, § 1499, it is said:

"The notice of appeal must be in writing, containing the reasons for appeal, and filed with the judge of probate. All of the reasons upon which the appellant relies must be stated therein, as the trial in the circuit court will be restricted to the reasons assigned."

This we understand to be the rule.

The second question is: Was the order made by the probate judge a valid one? Counsel for Mr. Beers insist the order is invalid because it did not fix a definite amount which should be paid. We quote from brief of counsel:

"A judgment or decree to be valid must be definite in amount. The sentence of the court must be definite so that the person against whom it was rendered can comply

with it. 1 Black on Judgments, § 3, says, after discussing the essentials of a judgment:

"'Again, the judgment must be definite. * * * If the amount remains to be determined by a future contingency or ascertained by referees or diminished by the allowance of an unliquidated credit or is otherwise indefinite and uncertain it is no proper judgment.'

"See, also, *Battell* v. *Lowery*, 46 Iowa, 49; *Nichols* v. *Stewart*, 21 Ill. 106."

An examination of the authorities cited shows they do not refer to orders like the one made by the judge of probate. Section 20, Act No. 217, Pub. Acts 1903, under which this proceeding was begun, provides:

"If it shall appear to said court on said hearing that such insane person is indigent and that he has relatives, who are parties to said proceedings, who are legally liable for his support, and who are able to contribute thereto, he may make an order requiring the payment by such relatives of such sum or sums as he may find they are reasonably able to pay, not exceeding however, in all, the sum of two hundred dollars per year. Said order shall require the payment of such sums to the State treasurer to be made annually, semi-annually or quarterly, as the court may direct."

This section further provides:

"If such relatives so ordered to pay shall neglect or refuse so to do, the State treasurer shall notify the prosecuting attorney of the county in which the proceedings were had, and in case any of said relatives reside in another county or counties, then also the prosecuting attorney of such other county or counties, of such neglect or refusal, and the prosecuting attorney of the county where said relatives or any of them reside, shall proceed, by action to be brought in the name of the State, to collect such sum."

Section 38, Act No. 217, Pub. Acts 1903, as amended by Act No. 221, Pub. Acts 1905, provides:

"The rate of charges per week to be paid each institution for the board and treatment of patients shall be fixed annually at a joint meeting of the boards of trustees and the board of State auditors; said charge not to exceed the actual cost thereof including all salaries, repairs, improve-

ments and machinery, exclusive of new buildings, boilers, engines and dynamos, but this provision shall not be construed to prevent the furnishing of extra care and attendance to patients by special contract. Within ten days after the joint meeting of the said boards it shall be their duty to inform the governor in writing of the charge per week prescribed. If in the opinion and discretion of the governor, the rate so fixed at such meeting shall be excessive, he shall within ten days after receipt of such communication call another joint meeting of the said boards for the purpose of fixing such a rate as shall be approved by the governor."

It will be seen by these statutory provisions that the cost of support of any person at the asylum is determined annually by a meeting of the joint board of trustees, together with the board of State auditors, and that the cost of maintenance for a given period is based upon the rate so fixed by these authorities acting under the law, so that, when the rate is fixed, it becomes simply a matter of computation to determine how much should be paid. It will also be observed, if there is not a compliance with the order made by the judge of probate, that further proceedings must be commenced to enforce the order. We do not think the legislature in passing this statute intended to require the judge of probate in the first instance to make an order for a specific amount. To so construe the statute would prevent his making the order until the exact cost of maintenance, not exceeding $200 a year, was known. The statute should be given such a construction as will make it a practicable measure. We think the order made in the probate court was a valid one, and that under the issue as made by the appeal the circuit judge was not authorized to make an order for a different amount.

The order made by the circuit judge is set aside, and the one made by the probate court is affirmed.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.