NEWELL *v.* KALAMAZOO CIRCUIT JUDGE.

APPEAL AND ERROR—WILL CONTEST CASE—CERTIFYING TO CIRCUIT COURT—NECESSITY FOR BOND.
   Where the probate court certified a will contest case to the circuit court under the provisions of 3 Comp. Laws 1915, § 14145, without requiring a bond, the circuit judge properly dismissed the case on the ground that the same had been improperly certified.

Mandamus by George B. Newell to compel George V. Weimer, circuit judge of Kalamazoo county, to vacate an order dismissing an appeal from probate court. Submitted June 21, 1921.   (Calendar No. 29,674.) Writ denied July 19, 1921.

*Lincoln H. Titus* and *Harry C. Howard,* for plaintiff.

*Weston & Fox* and *Jackson, Fitzgerald & Dalm,* for defendant.

WIEST, J.   Plaintiff petitioned the probate court for the county of Kalamazoo to allow the will of Susan Rosa, and upon notice of contest, made application under the statute to the probate court to certify the contest over the allowance of the will to the circuit court for the county of Kalamazoo, and secured an order to that effect without bond.   In the circuit court the contestants of the will moved that the proceeding be dismissed for the want of a bond and an order was made dismissing the proceeding and remanding the same to the probate court, unless plaintiff should, within 5 days, give a bond in such an amount and with such sureties as might be approved by the probate

court.   Claiming that no bond is necessary and that no appeal was taken from the order of the probate court allowing the hearing to be certified to the circuit court without bond, plaintiff asks this court by writ of mandamus to direct the circuit court to vacate the order entered.

Was plaintiff's right to have the contest certified to the circuit court for hearing contingent upon his giving a bond as upon an appeal?   The procedure in the probate court is wholly statutory.   Previous to 1911 all contests over wills had to be first determined in the probate court and could reach the circuit court only on appeal from the allowance or disallowance thereof in the probate court.   In 1911 the legislature amended the statute relative to the jurisdiction, powers and procedure of probate courts by adding a proviso to the section regulating appeals, and the law now reads as follows:

"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate, within twenty days from the date of the act appealed from, giving the reason for such appeal, together with such bond as is required in section eight of this chapter: *Provided, however,* That any probate judge shall have power in all contests over the allowance or disallowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section: *Provided further,* That the probate judge may on cause shown and without notice extend the time for taking such appeal not to exceed forty days from and after the expiration of said twenty days."   3 Comp. Laws 1915, § 14145.

Section 8 referred to in the quoted statute provides:

"The party appealing shall, at the time of filing notice thereof, file with the judge of probate a bond to the adverse party, in such penalty and with such surety or sureties as the judge of probate shall approve, conditioned for the diligent prosecution of such appeal and the payment of all such damages and costs as shall be awarded against him, in case he shall fail to obtain a reversal of the decision so appealed from." 3 Comp. Laws 1915, § 14152.

Under the statute the contest must be had in the probate court unless an interested party petitions that the contest be certified to the circuit court for hearing and such petition is allowed by the probate judge. It is significant that the provision of the statute permitting this was added to the section regulating appeals to the circuit; and upon reflection it will be apparent that it is in the nature of an appeal by the petitioner to another forum and removes the trial to an appellate court where a jury trial may be had.

The legislature may provide an appeal in a broader sense than a review of orders, judgments, sentences or decrees and treat the invoking of another judicial forum for the trial as in the nature of an appeal and make existing laws relative to appeals applicable thereto. As was said by Chief Justice Shaw in *Lawrence v. Souther,* 8 Metc. (Mass.) 166, relative to the removal of a case from a justice's court to the court of common pleas where title to real estate was brought in question:

"The magistrate in his record has used the term 'appealed'; but it is manifest from the context that the term was not used technically, but in its more general sense, showing an election of the plaintiff to change the forum, to which, in the case stated, he was entitled, to express which, the term 'appealed,' in its connexion, was sufficiently significant and intelligible."

Under the statute neither proponent nor contest-

ants can be required to give bond or security for costs in order to have the hearing in the probate court, but if either party wants a trial in the circuit court and causes the hearing to be removed from the probate court to the circuit court, where greater expense of trial may happen, then the party so invoking the forum, usually granted only upon appeal after allowance or disallowance of the will in the probate court, must give bond as provided by the statute. We cannot hold that a bond was not required without ignoring the plain mandate of the statute. The statute requires that a bond be given and there was no need for contestants to appeal from the order of the probate court not requiring a bond for they had a right to move the circuit court to dismiss the case on the ground that the same had been improperly certified.

The writ is denied, with costs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.