FREEMAN v. WAYNE PROBATE JUDGE.

EXECUTORS AND ADMINISTRATORS—CERTIFYING CONTEST OF WILL NOT AN APPEAL AUTHORIZING APPOINTMENT OF SPECIAL ADMINISTRATOR.

Where there was no decree in probate court admitting or denying probate of a will, the certifying of a contest of the will to the circuit court under 3 Comp. Laws 1915, § 14145, gave the probate court no power to appoint a special administrator as provided for in section 14159, since said statute is applicable only in case of an appeal.

Certiorari to Wayne; Miller (Guy A.), J. Submitted June 18, 1924. (Calendar No. 31,456.) Decided July 24, 1924.

Mandamus by Amariah F. Freeman, executor named in the last will of Mary C. Kempf, deceased, and as special administrator of said estate, to compel Edgar O. Durfee, probate judge of Wayne county, to vacate an order appointing a special administrator. From

an order denying the writ, plaintiff brings certiorari. Reversed.

*A. F. Freeman* (*John F. Jordan* and *Millis, Streeter & Berns,* of counsel), *in pro. per.*

*Frank J. Riggs* (*Ben. W. Johnson,* of counsel), for appellee.

SHARPE, J.    Pending the probate of the will of Mary C. Kempf, deceased, plaintiff, who was named as executor therein, was, on September 24, 1923, appointed special administrator of her estate, under section 13822, 3 Comp. Laws 1915.    Harry V. Angevine, a nephew of deceased, filed a petition on December 5, 1923, averring that he had given notice of contest of the will and that it had been certified to the circuit court for hearing, pursuant to section 14145, and asked for the appointment of a special administrator as provided for in section 14159.    An order was made appointing the Security Trust Company.    This was reviewed in the circuit court by mandamus, and sustained.    Plaintiff here brings certiorari to review such order.

The judge of probate and the circuit judge both construed section 14145 as in effect an appeal from the probate court.    Defendant's counsel rely on *Newell v. Kalamazoo Circuit Judge,* 215 Mich. 153, to support this holding.    The provision for a bond on appeal was there held applicable when application was made to have the contest certified to the circuit court.    This holding was due to the provision in section 14145 that the removal was "subject to the same provisions as are now provided for in appeals."    To that extent it was said to be "in the nature of an appeal."    The power to appoint under section 14159 exists only when an appeal has been taken.    There can be no appeal without an order, judgment or decree to appeal from.

The order appointing the trust company will be reversed and set aside.  No costs will be allowed.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred with SHARPE, J.

WIEST, J. (*concurring*).  I concur.  There was no decree in the probate court admitting or denying probate of the will, for the contest over the allowance or disallowance thereof was certified to the circuit.  The statute stays proceedings under probate sentences, orders or decrees appealed from; but permits the probate court to appoint one or more special administrators to take charge of and protect an estate, when an appeal is taken from a decree admitting or denying probate of a will.  The probate court exercised undoubted power in appointing plaintiff special administrator under the provisions of the statute relating to administration.  His appointment stands unrevoked by the certification of the contest of the will to the circuit court.  The appointment of the Security Trust Company was a nullity.  The power to so appoint under the statute relating to appeals did not arise in the absence of an appeal from the allowance or disallowance of the will.