*In re* ZINKE'S ESTATE.

ZINKE *v.* TROUT.

1. WILLS — CERTIFYING WILL CONTEST—PROCESS—WAIVER—JURIS-
DICTION OF PERSON.

Service of notice in proceedings to certify the contest of a will to the circuit court under 3 Comp. Laws 1915, § 14145, may be waived by a general appearance in the case and jurisdiction over the person may be obtained.[1]

---

[1] Wills, 40 Cyc. p. 1354.

2. SAME—CIRCUIT COURT MAY DETERMINE WHETHER CONTESTANT INTERESTED PARTY.

While a proceeding under said statute is not, strictly speaking, an appeal from the probate court, it partakes of that nature, and, therefore, the circuit court, in the exercise of appellate jurisdiction, could determine whether the contestant was an interested party within the meaning of said statute.[2]

3. COURTS—PROBATE COURT.

The probate court has exclusive jurisdiction to decide the validity of a postnuptial contract.[3]

4. WILLS — PROCEEDINGS CONTESTING WILL PROPERLY DISMISSED WHERE CONTESTANT NOT INTERESTED PARTY.

Where it appeared that contestant was the minor son of one of the heirs who had accepted his full share of the estate and had signed a receipt therefor releasing it from any future claim he might have, the circuit court properly dismissed proceedings to certify the contest of the will on the ground that contestant was not an interested party.[4]

Error to Wayne; Merriam (DeWitt H.), J.    Submitted April 7, 1926.    (Docket No. 35.)    Decided June 7, 1926.

Albert Zinke and others presented for probate the last will of William Zinke, deceased.    Isabelle Zinke Trout, guardian of Julius A. Zinke, a minor, contested the allowance of the will and certified the contest to the circuit court.    From an order granting a motion to dismiss, contestant brings error.    Affirmed.

*Lorne W. Weber, Alexander J. Polk, Don Windiate, Maurice F. Paterson,* and *Carl J. Staebler,* for appellant.

*Connolly & Henderson,* for appellees.

William Zinke was the father of four children: Paul, Albert, Louise, and Anna.    On March 1, 1907,

---

[2]Wills, 40 Cyc. pp. 1349, 1356 (Anno); [3]Courts, 15 C. J. § 421; [4]Wills, 40 Cyc. pp. 1230, 1355.

he and his wife executed and delivered to Paul a deed of 20 acres in Greenfield township, Wayne county, and Paul executed and delivered to his father the following instrument:

"Detroit, Mich., March 1, 1907.

"Received of my father and mother, William and Augusta Zinke, a warranty deed of premises situate in the township of Greenfield, in the county of Wayne, and State of Michigan, described as the north half of the northwest quarter of the northwest quarter of fractional section twenty-eight (28) in township one (1) south of range eleven (11) east, containing twenty acres of land, more or less, as an advancement to me out of their estate, and I hereby agree that the same is in full for any share that might hereafter have come to me as one of their heirs, or the heir of either of them; and in consideration of such deed to me I acknowledge receipt of my full share of their estate, or the estate of either of them, to make no claim to any part of the estate then owned by them, the same to go to their other heirs without any claim on my part.

"PAUL ZINKE     (Seal)."

Afterwards Paul died leaving a minor son, Julius A. Zinke.     Isabelle Zinke Trout is the widow of Paul and guardian of the minor son.     As such guardian she sold the 20 acres for $38,000.     On July 25, 1922, William Zinke executed a will dividing his estate between Albert, Louise, and Anna, the fifth clause of which is as follows:

"*Fifth*—No provision is herein made for the heirs of my son, Paul Zinke, now deceased, for the reason that on March 1, 1907, I conveyed to him certain land in the township of Greenfield, Wayne county, Michigan, by warranty deed bearing date on or about March 1, 1907, which said conveyance was made to him and accepted by him in full settlement of his share and interest in my estate and in the estate of Augusta Zinke, my wife."

This will was filed for probate in the probate court

of Wayne county and the guardian of Julius A. filed a contest on the usual grounds.    Hearing was adjourned to May 3, 1923.    On April 27th, on *ex parte* petition of the guardian, the contest was certified to the circuit court under the following provision of section 14145, 3 Comp. Laws 1915:

"*Provided, however,* That any probate judge shall have power in all contests over the allowance or disallowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section."

No notice of this action was served on any of the devisees and legatees in the will; their attorneys, however, consented to one continuance of the case in the circuit and once consented to the placing of the case further down on the call.    Their attorneys filed two motions to dismiss the proceedings in the circuit and the contest, one for want of notice and the other on the ground that the contestant was not an interested party and had no right to be heard.    Under the statute (3 Comp. Laws 1915, § 12580), the court received testimony on the hearing of the motions and granted them.    There was no testimony in any way questioning the validity of the instrument signed by Paul or the transaction between him and his father.

Fellows, J. (*after stating the facts*).   Doubtless the service of notice may be waived by a general appearance in the case and jurisdiction over the person may be obtained.    Whether the consent to continuance amounted to a waiver we need not decide as we are satisfied the court properly granted the motion to dismiss on the other ground, and this motion went to

the jurisdiction of the court over the subject-matter.

While the proceeding under the statute above quoted is not, strictly speaking, an appeal from the probate court, it partakes of that nature (*Newell* v. *Kalamazoo Circuit Judge,* 215 Mich. 153; *Freeman* v. *Wayne Probate Judge,* 228 Mich. 168), and the circuit court is manifestly exercising appellate jurisdiction and may decide such questions as were proper for the probate court to decide. If the contestant would be entitled to no share in the estate if the will was disallowed, and could take nothing from the estate under the statutes of descent and distribution, he is not an interested party, and if the probate court had jurisdiction to decide these questions, obviously the circuit court in the exercise of appellate jurisdiction could likewise decide them. That the probate court has exclusive jurisdiction to decide the validity of a postnuptial contract was settled in *Tipson* v. *Jeannot,* 204 Mich. 403, and in the case of *In re Simon's Estate,* 158 Mich. 256 (17 Ann. Cas. 723), the precise question now before the court was settled. It was there said by Mr. Justice OSTRANDER, speaking for the court:

"The weight of authority recognizes the right of the heir who has attained majority to accept presently in advancement his full share of the estate of the parent. Whether the arrangement is called a contract not to take, or a release to take effect in the future, the principle is the same. When the estate is cast by the death of the ancestor, it operates to estop the heir to take what he has agreed he will not claim. * * *

"We are satisfied that it is the better rule, and that the court below was not in error in adopting it. Nor do we need to consider whether such an undertaking may be given effect in courts of law. It has been pointed out that probate courts, which in the settlement of estates proceed largely according to equitable theories of rights, are expressly authorized to determine all questions concerning advancements. In

this case the receipt given by Mathias to his father is, as he agreed it should be, produced on the part of the estate to estop him from asserting any right to share therein.    There is no reason why the probate court should not have determined, as it did, its legal effect."

The contestant was not an interested party, had no right to be heard upon the question of the validity of the will, no right to have the contest certified to the circuit court under the statute and the trial judge was right in so holding.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.