Doubtless the service of notice may be waived by a general appearance in the case and jurisdiction over the person may be obtained. Whether the consent to continuance amounted to a waiver we need not decide as we are satisfied the court properly granted the motion to dismiss on the other ground, and this motion went to *Page 205 
the jurisdiction of the court over the subject-matter.
While the proceeding under the statute above quoted is not, strictly speaking, an appeal from the probate court, it partakes of that nature (Newell v. Kalamazoo Circuit Judge,215 Mich. 153; Freeman v. Wayne Probate Judge, 228 Mich. 168), and the circuit court is manifestly exercising appellate jurisdiction and may decide such questions as were proper for the probate court to decide. If the contestant would be entitled to no share in the estate if the will was disallowed, and could take nothing from the estate under the statutes of descent and distribution, he is not an interested party, and if the probate court had jurisdiction to decide these questions, obviously the circuit court in the exercise of appellate jurisdiction could likewise decide them. That the probate court has exclusive jurisdiction to decide the validity of a postnuptial contract was settled in Tipson v. Jeannot,204 Mich. 403, and in the case of In re Simon's Estate, 158 Mich. 256
(17 Ann. Cas. 723), the precise question now before the court was settled. It was there said by Mr. Justice OSTRANDER, speaking for the court:
"The weight of authority recognizes the right of the heir who has attained majority to accept presently in advancement his full share of the estate of the parent. Whether the arrangement is called a contract not to take, or a release to take effect in the future, the principle is the same. When the estate is cast by the death of the ancestor, it operates to estop the heir to take what he has agreed he will not claim. * * *
"We are satisfied that it is the better rule, and that the court below was not in error in adopting it. Nor do we need to consider whether such an undertaking may be given effect in courts of law. It has been pointed out that probate courts, which in the settlement of estates proceed largely according to equitable theories of rights, are expressly authorized to determine all questions concerning advancements. In *Page 206 
this case the receipt given by Mathias to his father is, as he agreed it should be, produced on the part of the estate to estop him from asserting any right to share therein. There is no reason why the probate court should not have determined, as it did, its legal effect."
The contestant was not an interested party, had no right to be heard upon the question of the validity of the will, no right to have the contest certified to the circuit court under the statute and the trial judge was right in so holding.
The judgment will be affirmed.
BIRD, C.J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.