JOHNSON v. BULLARD.

1. WILLS—CONSTRUCTION—PROVISION CONSTRUED TO BE A LEGACY RATHER THAN ACKNOWLEDGMENT OF DEBT.
   Direction in a will to pay all just debts, "not overlooking or omitting the payment of the indebtedness" to testatrix's daughter, for which her "guardian now holds my obligation," is a legacy in satisfaction of an obligation and not a mere acknowledgment of a debt.

2. COURTS — WILLS — REVIEW IN CIRCUIT DEPENDS ON REASONS STATED IN APPEAL.
   On appeal from the probate court in a will case, the scope of the review in the circuit court depends upon the reasons stated in the appeal (3 Comp. Laws 1915, § 14145).

3. APPEAL AND ERROR—RECORD MUST AFFIRMATIVELY SHOW QUESTIONS TO BE REVIEWED.
   Jurisdiction in the Supreme Court rests upon the record disclosing affirmatively that the question raised is before it for decision.

4. SAME—QUESTIONS REVIEWABLE.
   In reviewing a will case, the Supreme Court must decline to pass on a question which the record fails to show affirmatively is properly before it for decision.

Error to Hillsdale; Gilbert (Parm C.), J., presiding. Submitted October 25, 1927. (Docket No. 57.) Decided December 1, 1927.

Petition by Grace Y. Johnson for the payment of legacies under the last will of Cynthia E. Johnson, deceased. There was an order granting the petition, and Ella Bullard and another appealed to the circuit court. Judgment for contestants. Petitioner brings error. Reversed, and judgment entered affirming the order of the probate court.

¹Wills, 40 Cyc. p. 1889 (Anno); ²Courts, 15 C. J. § 443; ³Appeal and Error, 4 C. J. § 3060; ⁴Id., 4 C. J. § 3060.

*B. D. Chandler*, for appellant.

*Paul W. Chase* and *Merton Fitzpatrick*, for appellees.

WIEST, J.   Does the following provision in a will constitute Grace Y. Johnson a legatee?

"*First.* I hereby order and direct my executrix hereinafter named and appointed, to pay all my just debts and funeral expenses so soon after my decease as the nature of my estate will permit, not overlooking or omitting the payment of the indebtedness of three thousand dollars to my daughter, Grace Y. Johnson (the same being the amount of a legacy left to her by her father's will) and for which amount Grace's guardian now holds my obligation."

In the probate court it was held a legacy, and in the circuit a mere recognition of an obligation.   We think it a direction to the executrix to pay the daughter $3,000 out of the estate and was a legacy in satisfaction of an obligation and not a mere acknowledgment of a debt.

The mother did not leave it to the daughter to prove the claim against the estate, but directed payment.   If not intended as a legacy, the mother went to considerable unnecessary pains.   If the daughter held the mother's obligation to pay $3,000, it was wholly unnecessary to provide proof thereof by will, for the daughter could prove her claim by the obligation mentioned in the will.   The mother was intent upon something more than merely stating a fact to be employed as evidence; she willed the daughter $3,000, and gave her reason for doing so. The fact that her reason was an indebtedness owing the daughter does not render her purpose futile.   The mother exercised her right of bounty in constituting the daughter a legatee, thereby saving the daughter the

trouble of proving the claim and giving herself the satisfaction of having done the right thing.

The will also provided:

"*Second.* I give, bequeath and devise unto my daughter, Grace Y. Johnson, the use, rents, issues, profits, possession, enjoyment and income of all my property, real and personal, so long as she remains unmarried."

In the probate court a trustee was appointed to manage the property, and this was affirmed in the circuit. Petitioner claims right to use and possession without the intervention of a trustee. But it is said, against this contention, that the appeal from the probate court did not attack the appointment of a trustee, and, as petitioner did not take an appeal to the circuit, the judgment in the circuit, affirming the appointment of a trustee, was a matter of course and the validity thereof cannot be questioned in this review. The scope of the review in the circuit depended upon reasons stated in the appeal from the probate court. 3 Comp. Laws 1915, § 14145; *In re Beers,* 148 Mich. 300; *In re Ward's Estate,* 152 Mich. 218, 239; *In re Broffee's Estate,* 206 Mich. 107; *In re Murray's Estate,* 219 Mich. 70.

The record before us does not disclose the reasons stated in the appeal from the probate order. Petitioner took no appeal from the probate order appointing a trustee. Unless there was an appeal to the circuit from that part of the order appointing a trustee, the validity of the appointment is not before us. Jurisdiction here, to adjudge, rests upon a record disclosing affirmatively that the point is before us for decision. This the record fails to show, and we must decline to pass on the question. Our construction of the will involves no question of fact and, we think, the exception by petitioner to the conclusion of law stated

by the circuit judge brings the question of whether petitioner was given a legacy before us.

The order in the circuit is reversed, and the order in the probate court affirmed, with costs against Ella Bullard.

SHARPE, C. J., and BIRD, NORTH, FLANNIGAN, FELLOWS, CLARK, and McDONALD, JJ., concurred.