*In re* REID'S ESTATE.

UNION TRUST CO. *v.* ANGELL.

WILLS—APPEALS FROM PROBATE—CERTIFICATION OF ·PROCEEDINGS TO CIRCUIT—CIRCUIT COURT LIMITED TO QUESTIONS CERTIFIED.

Where ground for contesting will in probate court, as stated in notice of contest, was that will was not executed in accordance with statute, but, before hearing was had in said court, proceedings were certified to circuit court under 3 Comp. Laws 1915, § 14145, hearing in circuit was limited to question so raised and certified, and circuit judge properly refused to allow amendment to include questions of mental competency and undue influence. McDONALD, POTTER, and SHARPE, JJ., dissenting.

Error to Wayne; Brown (William B.), J., presiding. Submitted April 11, 1929. (Docket No. 36, Calendar No. 34,215.) Decided December 3, 1929.

The Union Trust Company presented for probate the last will of Mary A. Reid, deceased. Before hearing in the probate court, on contestants' petition, the proceedings were certified to the circuit court. Judgment for proponent. Contestants bring · error. Affirmed.

*Bresnahan & Groefsema,* for proponent.

*Ernest N. Papps,* for contestants.

SHARPE, J. *(dissenting).* The proponent filed the will of Mary A. Reid in the probate court for the county of Wayne on the 28th day of January, 1926, accompanied by a petition praying that it be ad-

mitted to probate. The hearing was set for April 7th. On April 5th, the contestant, by her attorneys, filed a notice stating that she and the other heirs—"will contest the validity of said will and will ask the court here on motion of Ernest N. Papps and Clara A. Marks, their attorneys, that said will not be admitted to probate until such time as the same will be proven to be a valid will in accordance with the requirements of the statute of the State of Michigan." Accompanying this notice was an affidavit of the contestant, in which she stated that she was a sister of the deceased; that—"she was acquainted with the mental condition of Mary A. Reid, deceased, her said sister, prior to her death and particularly at the time she executed the will;" that she was authorized to file the notice by the other heirs and that "said will ought and should be held for naught."

An appearance was entered by the attorneys for Alfred and Marie Chaput, two of the legatees named in the will. The trust company apparently took no further part in the proceedings. The hearing was much delayed. On October 4th the contestant filed a petition in the probate court reciting such fact, and asking that the proceedings be certified to the circuit court for that county, and such an order was made pursuant to the statute.

On the hearing in the circuit court, after counsel for the legatees named above, who assumed the role of proponents, had submitted proof of the due execution of the will, counsel for the contestant filed objections in writing to the probate of the will, for the reason, among others, that its execution was procured by fraud and undue influence and that the testatrix was at that time of unsound mind. Counsel for the proponents then moved for a directed ver-

dict sustaining the will. This was taken under advisement by the court. After contestant's proofs had been submitted, the motion was renewed and a verdict so directed. The court was of the opinion that, as the notice of contest filed in the probate court did not specifically assign any other reason for denying probate except that it was not executed in compliance with the statutory requirements, no other question could be then litigated. Contestant seeks review of the judgment entered, pursuant to such direction, by writ of error.

Section 14145, 3 Comp. Laws 1915, provides that any person aggrieved by any order or decree of the probate court may appeal therefrom to the circuit court by filing a notice thereof

—"giving the reason for such appeal, * * *: *Provided, however,* That any probate judge shall have power in all contests over the allowance or disallowance of wills, before the hearing thereof in probate court, to certify the same to the circuit court for the same county for hearing, upon application of any interested party in said contest, in the same way and subject to the same provisions as are now provided for in appeals from the probate court to the circuit court mentioned in this section."

This provision was added to the statute by Act No. 238, Pub. Acts 1911.

Counsel for proponents call our attention to the decisions of this court in which it has been held that "the scope of the review in the circuit depended upon reasons stated in the appeal from the probate court" (*Johnson* v. *Bullard*, 241 Mich. 170, 172), and to the language of the section above quoted that the certification shall be "subject to the same provisions as are now provided for in appeals from the

probate court to the circuit court mentioned in this section."

It is true that, when an appeal is taken, the notice thereof must state the reasons therefor. This confines the issue in the circuit court to that tried and disposed of by the probate judge. In that respect it differs much from appeals from justices' courts or from circuit court commissioners. As was said in the early case of *Holbrook* v. *Cook,* 5 Mich. 225, 230:

"The great desideratum in proceedings in probate cases is despatch, and hence the reason of the peculiar jurisdiction conferred upon the circuit courts by this remedy."

But the certification provided for is in no sense an appeal from the probate court. The petition for probate required that court to determine whether the instrument in question was the last will and testament of Mary A. Reid. At the hearing thereof, "all concerned may appear and contest the probate of the will." 3 Comp. Laws 1915, § 13780. Appearance may be had by an attorney. 3 Comp. Laws 1915, § 13781. Had no notice been filed by the contestant, and the hearing been had in the probate court, any facts disclosed by the proofs submitted on behalf of the proponents or contestant would have been considered by that court in determining the question presented. Under the power conferred upon the court by the statute (3 Comp. Laws 1915, § 14145), and doubtless satisfied that an appeal would be taken from its determination to the circuit court, where a trial by jury might be had, it certified the proceedings to the circuit court "for hearing." The hearing to be there had was upon the petition of proponents praying that the instrument filed be admitted to probate, and the issue pre-

sented was the same as if determination had been had in the probate court.

The statute contains no requirement that parties appearing in the probate court to contest a will shall file their reasons therefor. In *Turnbull* v. *Richardson,* 69 Mich. 400, 409, it was said:

"It is a peculiarity of our probate practice that a written issue need not be made up or joined in contests before the probate court, but the party who feels aggrieved by the order or decree of the probate court may appeal to the circuit court, and there the circuit court may direct an issue to be framed if it deems it essential."

This case was decided in 1888. The statute then in force (2 How. Stat. § 6779) contained a similar provision relative to appeals and notice thereof as that above referred to (3 Comp. Laws 1915, § 14145). It was the practice in the early days to have such issue framed in the circuit court (*Kempsey* v. *McGinniss,* 21 Mich. 123), and we do not think our recent holdings that the question to be determined is limited to that stated in the notice is intended to change it, as an issue may well be framed to present the question in a proper way for determination by that court.

The notice of contest, while not very carefully drawn, expresses an intent to attack the validity of the instrument proffered as a will. When read with the affidavit filed in support thereof, it cannot well be said that proponents were not informed thereby that contestant would insist that the deceased was not mentally competent to make a will. The circumstances under which it was executed were unknown to her. The deceased, who had no children, had been living with her sister, the contestant, for several

years. She had been in the habit of going away from her home and getting lost, and had been frequently brought back by the village officers. In July, 1925, she was reported lost, and on the following day was found by the officers in the home of the proponents, who were strangers to her. When her sister went after her, proponents refused her permission to take deceased to her own home, saying that she did not want to return there. The instrument in question bears no date, nor did the petition for its probate state the date when it was executed. These facts doubtless had much to do with the manner in which the notice of contest was worded. It is apparent that neither the probate judge nor counsel for the proponents understood that the only question for determination in that court was whether the instrument was executed in the manner required by the statute, else the hearing would undoubtedly have been there had and this question determined.

3 Comp. Laws 1915, § 14151, reads as follows:

"The circuit court to which such appeal is taken, may for cause shown, and upon motion to be heard after reasonable notice shall have been given the opposite party, and upon such terms as may be imposed by said court, allow such amendment or amendments to the reasons assigned for such appeal, as in the opinion of the court justice may require."

The objections filed were in the nature of an amendment to the notice, and, if necessary, might well have been treated by the court as such. It is but fair to say that it does not appear that this section was called to the attention of the trial court.

The judgment entered should be reversed and set aside and a new trial granted, with costs to appel-

lant against the legatees who assumed the role of proponents.

McDonald and Potter, JJ., concurred with Sharpe, J.

Clark, J. I adopt the following opinion prepared by Mr. Justice Fellows:

I am unable to agree that the trial judge was in error in holding that the issue made in the probate court was the issue to be tried and the only issue to be tried in the circuit, or that he should have permitted an amendment changing the grounds of contest and abused his discretion in refusing so to do. The circuit court has no original jurisdiction in probate matters. Its only jurisdiction in such matters is appellate, obtained either by appeal provided for by statute or in case of will contests by certification which this court has uniformly held was in the nature of an appeal. In *Newell* v. *Kalamazoo Circuit Judge*, 215 Mich. 153, Mr. Justice Wiest, speaking for the court of this amendment, said:

"Under the statute the contest must be had in the probate court unless an interested party petitions that the contest be certified to the circuit court for hearing and such petition is allowed by the probate judge. It is significant that the provision of the statute permitting this was added to the section regulating appeals to the circuit; and upon reflection it will be apparent that it is in the nature of an appeal by the petitioner to another forum and removes the trial to an appellate court where a jury trial may be had.

"The legislature may provide an appeal in a broader sense than a review of orders, judgments, sentences, or decrees and treat the invoking of another judicial forum for the trial as in the nature of an appeal and make existing laws relative to appeals applicable thereto."

This was followed in *Re Zinke's Estate*, 235 Mich. 201, where we pointed out that, in disposing of a case certified to it under this statute, the circuit court was exercising appellate jurisdiction. This must be so. Claims against estates must be presented to commissions appointed by the probate court except where the probate judge hears them; matters pertaining to the settlement of estates there originate; contests over the admission of wills start there. The probate court by the terms of statute (3 Comp. Laws 1915, § 14145) can only certify "contests over the allowance or disallowance of wills." Probate matters must originate in probate courts, and when they are sent to another court either by appeal or certification, the latter court exercises appellate, not original, jurisdiction. Before the probate court could certify the case to the circuit under this statute there must be a contest. In the instant case there was one and the objection and the only objection stated in the notice of contest was:

"The within-named heirs will contest the validity of said will and will ask the court here on motion of Ernest N. Papps and Clara A. Marks, their attorneys, that said will not be admitted to probate until such time as the same will be proven to be a valid will in accordance with the requirements of the statute of the State of Michigan."

On the same date another paper was filed reciting:

"That the above-named heirs will and desire to contest the validity of the will and request the court here to refuse the probating of said will until it is proven that said will has been executed in accordance with the requirements of the statute of the State of Michigan."

It was not until around 20 months later, and after the proponents had rested their case on the trial in the circuit, that contestants asserted any claim of mental incompetency or undue influence, and then asked to amend their ground of contest.

I do not think 3 Comp. Laws 1915, § 14151, referred to by my Brother, changed the practice. From time out of mind the framing of an issue on appeals from decisions of commissions and probate courts has been allowed. Usually on claims a declaration and plea and notice are filed as in the ordinary suit. From time out of mind amendments in matter of form have been allowed, and from time out of mind this court has held that the issue made in the probate court was the issue, and the only issue, triable in the circuit, and that while amendments in matter of form were permissible, amendments in matter of substance were not. In *Re Beers,* 148 Mich. 300, Mr. Justice Moore, speaking for the court, said:

"The first question presented is: Was the circuit court limited in its hearing to the reasons stated in the petition for an appeal? In 1 Chatterton on Probate Law, § 1499, it is said: 'The notice of appeal must be in writing, containing the reasons for appeal, and filed with the judge of probate. All of the reasons upon which the appellant relies must be stated therein, as the trial in the circuit court will be restricted to the reasons assigned.'

"This we understand to be the rule."

*In re De Haan's Estate,* 169 Mich. 146, it was held (quoting from the syllabus):

"On appeal from the commissioners on claims, the circuit court, not having original jurisdiction, cannot permit a claimant to amend his claim so as to present matters which the commissioners did not pass upon."

In the recent case of *Goodrich* v. *Hubbard's Estate,* 233 Mich. 346, it was said:

"In the final analysis the meritorious question before us is whether the court erred in refusing an amendment of the claim.

"This court has never applied strict rules of pleadings to claims presented to commissioners, and the propriety of amendment in matter ·or form has been frequently recognized. But this court has consistently held that the circuit court exercises appellate jurisdiction and that the claim there tried must be substantially the claim tried before the ·commissioners."

We then quoted the following language of Mr. Justice CAMPBELL found in *Patrick* v. *Howard,* 47 Mich. 40:·

"The case made before the commissioners can never be enlarged or changed on appeal, unless by reductions or immaterial alterations, and no claim can be heard that was not passed on by the commissioners. The circuit court has no original jurisdiction over claims against estates, and no new claim can be made there. The probate issues need not be changed in form in such cases or in analogous cases, and whether changed in form or not cannot be added to in substance."

Mr. Justice CAMPBELL then cites eight of the early cases so holding. Among the numerous cases to the same effect, see: *Luizzi* v. *Brady's Estate,* 140 Mich. 73; *Raub* v. *Nisbett,* 111 Mich. 38; *Jersey* v. *Jersey,* 146 Mich. 660; *In re Ward's Estate,* 152 Mich. 218; *In re Mills' Estate,* 158 Mich. 504; *In re Murray's Estate,* 219 Mich. 70; *In re Barney's Will,* 187 Mich. 145; *Johnson* v. *Bullard,* 241 Mich. 170.

But if the circuit court had the power to permit an amendment materially changing the issue, as

here, from an issue of due execution of the will in accordance with the statute,to one of mental incompetency and undue influence, it must be patent that there was no abuse of discretion in refusing such amendment at the time it was offered. The notice of contest in the probate court was filed April 5, 1926, the contest was certified to the circuit October 4, 1926. The trial in that court began December 12, 1927, and although proponent's testimony was confined to the question of due execution of the will, there was such lengthy cross-examination of the witnesses that proponent did not rest until the 13th. The contestants then submitted an amendment setting up for the first time their claim of mental incompetency and undue influence. If the trial judge was authorized to permit amendments in matter of substance, he was quite right in denying such an amendment at the time the offer was made. The trial judge after refusing the amendment declined to receive evidence on the question of mental incompetency, and whatever appears on that subject in the record comes from counsel's offers of proof. I think the judgment should be affirmed.

NORTH, C. J., concurred with CLARK, J.

WIEST, J. (*for affirmance*). If a will is to be contested an issue to such effect must be presented in the probate court, by notice, stating the grounds thereof. Such contest (issue presented ·by notice) may be certified to the circuit court for *hearing*. 3 Comp. Laws 1915, § 14145. The statute grants power to certify to the circuit only in case of contest and limits the power of the circuit to the hearing of such contest. The contest must originate in the probate court and reach its full scope and purport there, for the contest of record in that court is

the contest certified to the circuit for hearing. Under the statute permitting such certification, the jurisdiction of the circuit court is special, limited to the issue or issues certified for hearing, and may not be enlarged by any amendment in the circuit court. This, I think, clearly appears in the very language of the statute and in our holdings in *Newell* v. *Kalamazoo Circuit Judge,* 215 Mich. 153; *In re Murray's Estate,* 219 Mich. 70; *Johnson* v. *Bullard,* 241 Mich. 170.

The judgment should be affirmed, with costs against contestants.

FEAD, J., concurred with WIEST, J.