I adopt the following opinion prepared by Mr. Justice FELLOWS:
I am unable to agree that the trial judge was in error in holding that the issue made in the probate court was the issue to be tried and the only issue to be tried in the circuit, or that he should have permitted an amendment changing the grounds of contest and abused his discretion in refusing so to do. The circuit court has no original jurisdiction in probate matters. Its only jurisdiction in such matters is appellate, obtained either by appeal provided for by statute or in case of will contests by certification which this court has uniformly held was in the nature of an appeal. In Newell v. Kalamazoo CircuitJudge, 215 Mich. 153, Mr. Justice WIEST, speaking for the court of this amendment, said:
"Under the statute the contest must be had in the probate court unless an interested party petitions that the contest be certified to the circuit court for hearing and such petition is allowed by the probate judge. It is significant that the provision of the statute permitting this was added to the section regulating appeals to the circuit; and upon reflection it will be apparent that it is in the nature of an appeal by the petitioner to another forum and removes the trial to an appellate court where a jury trial may be had.
"The legislature may provide an appeal in a broader sense than a review of orders, judgments, sentences, or decrees and treat the invoking of another judicial forum for the trial as in the nature of an appeal and make existing laws relative to appeals applicable thereto." *Page 367 
This was followed in Re Zinke's Estate, 235 Mich. 201, where we pointed out that, in disposing of a case certified to it under this statute, the circuit court was exercising appellate jurisdiction. This must be so. Claims against estates must be presented to commissions appointed by the probate court except where the probate judge hears them; matters pertaining to the settlement of estates there originate; contests over the admission of wills start there. The probate court by the terms of statute (3 Comp. Laws 1915, § 14145) can only certify "contests over the allowance or disallowance of wills." Probate matters must originate in probate courts, and when they are sent to another court either by appeal or certification, the latter court exercises appellate, not original, jurisdiction. Before the probate court could certify the case to the circuit under this statute there must be a contest. In the instant case there was one and the objection and the only objection stated in the notice of contest was:
"The within-named heirs will contest the validity of said will and will ask the court here on motion of Ernest N. Papps and Clara A. Marks, their attorneys, that said will not be admitted to probate until such time as the same will be proven to be a valid will in accordance with the requirements of the statute of the State of Michigan."
On the same date another paper was filed reciting:
"That the above-named heirs will and desire to contest the validity of the will and request the court here to refuse the probating of said will until it is proven that said will has been executed in accordance with the requirements of the statute of the State of Michigan." *Page 368 
It was not until around 20 months later, and after the proponents had rested their case on the trial in the circuit, that contestants asserted any claim of mental incompetency or undue influence, and then asked to amend their ground of contest.
I do not think 3 Comp. Laws 1915, § 14151, referred to by my Brother, changed the practice. From time out of mind the framing of an issue on appeals from decisions of commissions and probate courts has been allowed. Usually on claims a declaration and plea and notice are filed as in the ordinary suit. From time out of mind amendments in matter of form have been allowed, and from time out of mind this court has held that the issue made in the probate court was the issue, and the only issue, triable in the circuit, and that while amendments in matter of form were permissible, amendments in matter of substance were not. In Re Beers, 148 Mich. 300, Mr. Justice MOORE, speaking for the court, said:
"The first question presented is: Was the circuit court limited in its hearing to the reasons stated in the petition for an appeal? In 1 Chatterton on Probate Law, § 1499, it is said: 'The notice of appeal must be in writing, containing the reasons for appeal, and filed with the judge of probate. All of the reasons upon which the appellant relies must be stated therein, as the trial in the circuit court will be restricted to the reasons assigned.'
"This we understand to be the rule."
In re De Haan's Estate, 169 Mich. 146, it was held (quoting from the syllabus):
"On appeal from the commissioners on claims, the circuit court, not having original jurisdiction, cannot permit a claimant to amend his claim so as to present matters which the commissioners did not pass upon." *Page 369 
 In the recent case of Goodrich v. Hubbard's Estate, 233 Mich. 346, it was said:
"In the final analysis the meritorious question before us is whether the court erred in refusing an amendment of the claim.
"This court has never applied strict rules of pleadings to claims presented to commissioners, and the propriety of amendment in matter or form has been frequently recognized. But this court has consistently held that the circuit court exercises appellate jurisdiction and that the claim there tried must be substantially the claim tried before the commissioners."
We then quoted the following language of Mr. Justice CAMPBELL found in Patrick v. Howard, 47 Mich. 40:
"The case made before the commissioners can never be enlarged or changed on appeal, unless by reductions or immaterial alterations, and no claim can be heard that was not passed on by the commissioners. The circuit court has no original jurisdiction over claims against estates, and no new claim can be made there. The probate issues need not be changed in form in such cases or in analogous cases, and whether changed in form or not cannot be added to in substance."
Mr. Justice CAMPBELL then cites eight of the early cases so holding. Among the numerous cases to the same effect, see:Luizzi v. Brady's Estate, 140 Mich. 73; Raub v. Nisbett,111 Mich. 38; Jersey v. Jersey, 146 Mich. 660; In reWard's Estate, 152 Mich. 218; In re Mills', Estate, 158 Mich. 504; In re Murray's Estate, 219 Mich. 70; In re Barney's Will,187 Mich. 145; Johnson v. Bullard, 241 Mich. 170.
But if the circuit court had the power to permit an amendment materially changing the issue, as *Page 370 
here, from an issue of due execution of the will in accordance with the statute to one of mental incompetency and undue influence, it must be patent that there was no abuse of discretion in refusing such amendment at the time it was offered. The notice of contest in the probate court was filed April 5, 1926, the contest was certified to the circuit October 4, 1926. The trial in that court began December 12, 1927, and although proponent's testimony was confined to the question of due execution of the will, there was such lengthy cross-examination of the witnesses that proponent did not rest until the 13th. The contestants then submitted an amendment setting up for the first time their claim of mental incompetency and undue influence. If the trial judge was authorized to permit amendments in matter of substance, he was quite right in denying such an amendment at the time the offer was made. The trial judge after refusing the amendment declined to receive evidence on the question of mental incompetency, and whatever appears on that subject in the record comes from counsel's offers of proof. I think the judgment should be affirmed.
NORTH, C.J., concurred with CLARK, J.