*In re* ASTOLAS' ESTATE.

McINERNEY *v.* MESZAROS.

1. COURTS—APPEAL FROM PROBATE COURT—HEARING IN CIRCUIT COURT.
    In appealing from the probate court as to matters originating therein, the appellate court does not hear the case *de novo,* but is restricted to issues presented by reasons assigned for the appeal.

2. EVIDENCE—EXPERT TESTIMONY—SIGNATURE BY MARK.
    An expert witness may not testify to the signature of a witness by an ordinary mark or cross where his knowledge has been obtained by comparison.

3. SAME—SIGNATURE BY MARK WITH DISTINGUISHING CHARACTERIS-
    TICS.
    Signature by mark bearing some distinguishing feature by which it may be identified may be proved by a witness familiar with such signature of person so signing upon comparison with the questioned document upon the same basis that he may testify in relation to handwriting.

4. WILLS—SIGNATURE BY MARK—EVIDENCE.
    In will contest, admission of testimony of granddaughter of deceased, presented on behalf of contestant, that upon each of three occasions when she had seen grandmother sign her name by a zigzag mark *held,* proper on issue as to whether or not the will was signed by deceased.

5. SAME—VERDICTS—GREAT WEIGHT OF EVIDENCE.
    Verdict for contestant in circuit court on appeal from probate court in will contest *held,* not against the great weight of the evidence.

6. APPEAL AND ERROR—SUPREME COURT NOT TRIER OF FACTS—WILL
    DETERMINE IF VERDICT IS AGAINST WEIGHT OF EVIDENCE.
    Although the Supreme Court is not the trier of the facts, it is its duty, under the statute (3 Comp. Laws 1929, § 14314).

when the question is properly presented, to examine the testimony and determine whether the verdict is "manifestly against the clear weight of the evidence."

7. Same—Wills—Execution—Undue Influence.
Finding by jury that deceased had not executed will, supported by sufficient evidence renders unnecessary discussion of matter of undue influence.

Wiest, Butzel, and Bushnell, JJ., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 5, 1937. (Docket No. 11, Calendar No. 39,596.) Decided December 29, 1937. Rehearing denied February 25, 1938.

John F. McInerney presented for probate the last will of Theresa Astolas, deceased. Objections by Steve Meszaros, guardian of Steve Astolas, Anna Astolas, and Joseph Astolas, minors. From order allowing will to probate, contestant appealed to circuit court. Verdict and judgment for contestant. Proponent appeals. Affirmed.

*Edward C. Moran* and *Henry Stone,* for proponent.

*James M. Cleary,* for contestant.

Sharpe, J. This case involves the validity of the last will and testament of Theresa Astolas who died in November, 1932, leaving as her heirs Steve Astolas, a son, and Anna, Steve, and Joseph Astolas, children of Joseph Astolas, a son of Theresa Astolas who died prior to the above date.

Following the death of Theresa Astolas, there was offered for probate an instrument alleged to be her last will and testament and which was purported to have been signed on October 19, 1931, by the de-

ceased with her "mark." When the claimed will was filed in the probate court the following objections were made to its allowance:

1. That said alleged will was not with the full consent of Theresa Astolas Sonik.

2. That Theresa Astolas Sonik was incompetent at the time of the signing of said alleged will and was mentally incompetent of executing a last will and testament.

3. That Theresa Astolas Sonik was not aware of the contents of said alleged last will.

4. That undue influence was used on her in the execution of said alleged will, in that the alleged will was not the will of Theresa Astolas Sonik.

5. That coercion and force was used in the execution of said alleged will.

The judge of probate entered an order allowing the will to probate and contestant appealed upon the following grounds:

"Because the will allowed to probate is not the will of the deceased, Theresa Astolas Sonik;

"Because said court erred in allowing said will to probate over the objections of Steve Meszaros, guardian for the minor children heirs of Theresa Astolas Sonik;

"Because said will is not the will of Theresa Astolas Sonik, and it was not entered into by her voluntarily and of her own free will and accord, but was entered into through coercion and duress on the part of her son, Steve Astolas;

"Because Theresa Astolas Sonik could not read said will nor sign her name, as she could not read or write the English language or any other language and did not understand the conditions of said document."

The cause was tried in the circuit court and a jury found for contestant. Upon appeal to the

Supreme Court, the judgment was reversed and a new trial granted because of the admission of certain evidence. See *In re Estate of Astolas,* 273 Mich. 189 (101 A. L. R. 760).

. Upon the second trial in the circuit court, a jury again found for contestant and proponent appeals and, in its statement of questions involved, sets up 40 claimed errors upon the part of the trial judge and three errors committed by the jury. The first error alleged is that the trial court limited the issue to the matters raised in the notice of appeal rather than to the objections to the probate of the will. The second error claimed relates to certain evidence introduced to identify the handwriting or "mark" made by deceased. The third error contended for is the refusal of the trial judge to direct a verdict in favor of proponent and to grant a new trial on the ground that the verdict was against the great weight of the evidence. The other errors claimed relate to the rulings of the trial judge on the admission of evidence.

When the cause was submitted to the jury, they were asked to return an answer to the following question, "Was the will executed with the formality required by statute?" The jury were further instructed that if the answer to the above question was *yes* then they were to answer the following question, "Was the will the result of undue influence exerted upon the testatrix by Steve Astolas?" The jury returned a general verdict against the will, gave a negative answer to question number one, and failed to answer question number two.

In the notice of appeal, contestant alleged that, "the will allowed to probate is not the will of the deceased, Theresa Astolas Sonik," while on the objections to allowance of will, the reasons stated are as above noted.

In *Re Murray's Estate,* 219 Mich. 70, we held, that in matters originating in the probate court, the appellate court does not hear the case *de novo,* but is restricted to issues presented by reasons assigned for the appeal.

See, also, *In re Beers,* 148 Mich. 300; *In re Ward's Estate,* 152 Mich. 218; and *In re Broffee's Estate,* 206 Mich. 107.

Under the above authority the question of the validity of the will was in issue before the circuit court and is the main question presented for review in this cause. It is claimed by contestant that deceased did not sign the instrument by placing her "mark" thereon. He fortifies this claim by introducing in evidence a bond signed by deceased, where she made her mark in two places, as a basis for comparison of her signature by the "mark" in the claimed will. Contestant also presented the witness Anna Astolas, a granddaughter of deceased, who testified that she saw deceased make her mark upon three different occasions; that upon all of these occasions deceased made her mark in a zig-zag manner; and that she could not hold the pen in her fingers without assistance. The only other direct testimony upon this question was by the two witnesses to the will. They testified that deceased signed the will by making the mark "X" without any assistance.

When this cause came before this court in 273 Mich. 189, we said:

"The rule seems to be an expert witness may not testify to the signature of a witness by an ordinary mark or cross. Where the mark appears to have something in its construction to distinguish it from other ordinary marks, something by which it may be identified, something so uniformly used by the party that it may be identified as peculiar to her

signature or her mark, where some established characteristic of the mark of the person is apparent, and the witness is familiar with the signature by mark of the person whose mark is in question, the witness may testify to his opinion based upon having seen the witness make her mark, upon comparison with the questioned document, upon the same basis that he may testify in relation to handwriting.

"But all this class of evidence is dependent upon the familiarity of the witness with the peculiarities of the cross made by the person, and is not the subject of the opinion of experts whose only knowledge of the mark in question has been obtained by comparison."

Under the above authority, the testimony of Anna Astolas as to the manner in which the deceased made her mark was admissible and the jury had a right to consider this testimony in determining whether or not the instrument had been signed by deceased.

Nor can we say that the verdict of the jury was against the great weight of evidence.

In *Hall* v. *Proctor*, 221 Mich. 400, we said:

"It is insisted that the verdict was against the great weight of the evidence. While we are not 'triers of facts,' it is only our duty under the statute (3 Comp. Laws 1915, § 12635 [3 Comp. Laws 1929, § 14314]) when such a claim is properly presented, to examine the testimony and determine whether the verdict is 'manifestly against the clear weight of the evidence.' *Foster* v. *Rinz*, 202 Mich. 601."

The finding by the jury that the will had not been properly executed made it unnecessary for them to determine the question of undue influence. Many of the objections raised by the proponent relate to the admission of evidence upon the question of

undue influence and had no material effect upon the issue considered by the jury. We find no prejudicial error.

The judgment is affirmed, with costs to contestant.

FEAD, C. J., and NORTH, POTTER, and CHANDLER, JJ., concurred with SHARPE, J.

WIEST, J. (*dissenting*). I think the verdict contrary to the great weight of the evidence.

The witnesses to the will testified that the testatrix made her signature by mark, in their presence, and two friends and neighbors testified that the testatrix told them she had made her will. Opposed to this was the claim that in previous instances her mark was "shaky" and one former mark was introduced for the purpose of comparison. Another claimed mark was introduced, but a daughter-in-law of testatrix, called by contestant, testified that she made the mark at the request of Mrs. Astolas.

A mark, having uniform characteristics, aside from evidencing a shaky hand may afford comparison but the usual mark by an "X" may show variances when made by the same hand.

The judgment should be reversed and a new trial granted, with costs.

BUTZEL and BUSHNELL, JJ., concurred with WIEST, J.