CUMMIN *v.* BALDWIN.

GUARDIAN AND WARD — FINAL ACCOUNTING — APPEAL FROM PRO-
BATE COURT—ISSUE.

Where, upon a guardian's appeal from an order of the probate
court charging him in his final account with the value of
the ward's interest in property sold, the circuit judge found
that no valid sale was effected, it was proper to allow the
basis of the account to be changed to a charge for rent, since
the appeal brought the whole matter before the court for
final adjudication.

Error to Shiawassee; Smith, J. Submitted January
12, 1900. Decided February 20, 1900.

Judicial accounting by Stephen Baldwin, as guardian of
the estate of Alexander Cummin, a minor. From the
judgment rendered at the circuit upon his appeal from
probate court, the guardian brings error. Affirmed.

*Albert L. Chandler* and *T. E. Tarsney*, for appellant.

*Kilpatrick & Pierpont*, for appellee.

LONG, J. It appears that defendant was appointed
guardian of plaintiff and his brother and sister on Novem-
ber 1, 1883. These children were possessed of certain real
property in Corunna, Shiawassee county, which had
descended to them from their mother. The property con-
sisted of a house and certain lots and a store. They were
equal owners of this property. In December, 1896, de-
fendant filed his final account as guardian of the plaintiff
in the probate court of Shiawassee county. It there
appeared, and was found by the probate court, that de-
fendant was indebted to his ward in the sum of $543.04.
Defendant took an appeal from the probate court, and on
the hearing in the circuit court a jury found him indebted

to his ward in the sum of $423.62; this verdict being made up of rent of store, rent of house not collected, and interest money.    Defendant appeals.

On the hearing below it appeared that in April, 1887, defendant sold and conveyed the house and lots belonging to these three children for $600.   No proceedings were taken in court to devest the interest of the plaintiff; the defendant claiming that he never knew that plaintiff had any interest in the property, but supposed that it belonged entirely to the other two children.   It is conceded that his interest was never devested.   The plaintiff contended on the hearing that the defendant should be charged with the rent of the premises.   Proofs were allowed to show the rental value of these premises.   The court charged the jury on that question as follows:

"It was claimed here in the case that there was no rent credited to the minor for the house property, for the reason that he understood that this ward had no interest in it.   Now, the question for you to determine is whether a man, in the fair and diligent discharge of his duty, would not have looked up that title, to see what there was about it, so as to find out what his ward had there.   A man might be just as negligent in not looking it up as in not getting the rent for it after he did take it.   I have ruled out that question of the property he sold and gave a deed to Leonard, from the fact that he could not convey anything that belonged to this ward without having an order from the probate court, and the minor still owns an interest in the house and property."

At the close of the testimony, it appears, counsel for defendant made the following motion:

"I move to strike out the testimony produced relative to the rental of the house property.   I base that motion upon this ground, which is a well-settled rule of law: That, in appeals from probate court, we must try the same matter which was presented before the judge of probate, and that no amendments could be permitted interposing any new claim of a different character than that passed upon by the judge of probate.   When this matter was pending before his honor Judge Bush, Mr. Baldwin presented his account as it is presented here; and due notice was given,

under the law, for a hearing upon that account. A hearing was had upon the account, and the minor appeared by attorney in that court, as he appears here, and contested the amount (that is, he contested the items), and filed a claim in the nature of a counterclaim against that account, or, rather, supplemental to the account, and charged that Mr. Baldwin should be required to pay the value of one-third of the house property,—the home property,—which Mr. Baldwin sold Mr. Leonard. That claim was made specifically in writing, and stated to be $200, and the interest upon it; and that was the issue in that court below. Mr. Baldwin was not there to consider it, and that branch of the claim was allowed. From that, and in fact from the entire order, an appeal was taken to this court by Mr. Baldwin. Now, here we are presented with this proposition upon the record. I understand the claim is now abandoned for compensation for one-third of the purchase or selling price of the party, but in lieu of that they seek to substitute a new claim,—the first time heard of upon this record,—charging rent for the undivided one-third which they sought to recover for in the court below; that is, the value of it. Now, I concede that amendments are properly admitted in cases of appeal from probate court. In cases of appeal from justice's court, they must be such amendments, however, as pertain to matters that were considered in the court below; in other words, no new substantive issue can be made."

This was denied, and the charge as above was given. This constitutes the main question in the case. We think the court below was not in error in permitting the ward to go into the whole account of the guardian. The proceedings were upon the guardian's final account. It is a very different case from that of *Patrick* v. *Howard*, 47 Mich. 40 (10 N. W. 71), relied upon by counsel for the guardian. It is true that, before the probate court, the ward claimed that the guardian should account for the value of one-third interest in the property which it was claimed the guardian had sold. The circuit court held that the deed made by the guardian did not convey that interest, and charged him with the rental value of that interest for the time. But the whole claim was brought into the circuit court by the appeal. *Showers* v. *Morrill,* 41 Mich. 700 (3 N. W.

193). It would not be just to deprive either party of the right to correct errors in the account, or to deprive the ward of the right to change the basis of the account in the circuit when equity required it. The matter before the probate court was the final adjustment and determination of the guardian's account. That was the matter before the circuit court. The only change made in the issue was the basis of the accounting. This the circuit court had the power to do.

Some questions are raised as to the testimony admitted showing the rental value, but we are satisfied that no error prejudicial to defendant was committed in the introduction of testimony.

The judgment below must be affirmed.

The other Justices concurred.