## *In re* DEL MONTE'S ESTATE.

### CLAIM OF JOHN ENRIGHT.

1. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—ACCIDENT—
STATEMENT OF CLAIM.

   A short, plain statement of an accident, injury and consequent damage to claimant, and an obvious claim that the accident was due to the negligence of defendant's decedent is sufficient statement of the claim against the estate of the decedent.

2. SAME—STATEMENT OF CLAIM—GROSS NEGLIGENCE—EVIDENCE.

   Guest passenger's statement of claim in action against estate of host motorist who was killed in the accident, that latter drove the car at an excessive rate of speed, over the protest of passengers in the car, on the left side of the highway and into a tree on that side sufficiently apprised the estate of the circumstances leading up to the accident so that the fiduciary could not honestly claim to be taken by surprise by the offer by claimant to introduce testimony of acts and facts tending to prove that decedent was guilty of gross negligence (CL 1948, § 256.29).

3. AUTOMOBILES—GROSS NEGLIGENCE—NEGLIGENCE—EVIDENCE.

   The driving of a car on the left side of the highway with great force and violence into a tree could be considered as gross negligence or as ordinary negligence, depending upon circumstances (CL 1948, § 256.29).

4. SAME—GUEST ACT—WILFUL AND WANTON MISCONDUCT—GROSS
NEGLIGENCE.

   Wilful and wanton misconduct is gross negligence, as the terms are used in the automobile guest act (CL 1948, § 256.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 21 Am Jur, Executors and Administrators §§ 373, 374.
[1, 2, 5] Sufficiency of notice of claim against decedent's estate.
74 ALR 368.
[2–5] 38 Am Jur, Negligence §§ 47, 48.

5. SAME—GROSS NEGLIGENCE—MENTAL STATE—PLEADING.

> Claim against estate of deceased motorist sufficiently charged
> gross negligence by alleging the mental state implied in a
> charge of gross negligence as indicated by alleged acts whereby
> defendant's decedent, the driver, disregarded protests of guest
> passengers, drove at an excessive speed on the left side of the
> road, unlawfully and against a tree with great violence and
> that decedent's negligence was gross (CL 1948, § 256.29).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 7, 1954. (Docket No. 20, Calendar No. 44,677.) Decided July 6, 1954.

Claim of John Enright against the estate of Joseph Del Monte, deceased, for damages arising while guest passenger in automobile. No proof offered in probate court and case tried in circuit court. Claim dismissed and judgment entered for no cause of action. Plaintiff appeals. Reversed and remanded.

*John Brattin,* for plaintiff.

*Claude J. Marshall* and *Norman D. Reynolds* (*Robert T. Arvidson,* of counsel), for defendant.

REID, J. Plaintiff appeals from the dismissal of the case by the circuit court. Plaintiff filed his claim in the probate court and, deeming that the party defeated in probate court would appeal in any event, presented no testimony in the probate court. The claimant's claim was disallowed. Plaintiff's wife, Clarice Enright, also filed a claim. The probate court disallowed the claim of Clarice Enright and that claim was also appealed to this Court. Her claim proceeded to a hearing in circuit court and witnesses were sworn. It has been stipulated that merits of the claim of plaintiff John Enright are to be considered as representing the merits of both the claim of John Enright and of Clarice Enright.

This is an action under the guest passenger act.* The claims were originally filed in the Ingham county probate court against the estate of Joseph Del Monte, deceased, the driver of the car, he having been killed in the accident.

The material allegations of the claim are as follows:

"That on, to-wit, the 9th day of November, A.D. 1947, the said Joseph Del Monte was the registered owner of a certain 1941 Dodge Tudor Sedan automobile, bearing Michigan 1947 license #HF–3268; that the said Joseph Del Monte at about 2:30 o'clock in the morning of said day, was operating such motor vehicle in a westerly direction upon Columbia road, a public highway in the township of Aurelius, Ingham county; that deponent was riding as a guest passenger therein; that the said Joseph Del Monte, at that time and place, in wanton disregard of the rights and safety of deponent and in a manner grossly negligent and in violation of law, drove the said motor vehicle at an excessive rate of speed, over the protest of passengers in said car, on the left side of said highway, unlawfully and wantonly into a tree south of said highway, with great force and violence; that as a result thereof, deponent was seriously injured," et cetera.

It was conceded that the testimony taken on the trial of the wife's claim would be the testimony that plaintiff would have offered in circuit court if the court had permitted the case to proceed so far as to a hearing or trial on the merits, and that the rulings of the court were to be considered as applying to the instant case. During the trial in circuit court, claimant attempted to introduce testimony as to the circumstances surrounding the accident. Objection was made to the offered testimony on the ground that it embraced matters not specifically set out in the

---

* CL 1948, § 256.29 (Stat Ann § 9.1446).—Reporter.

claim. The objection was sustained on the ground of variance between pleading and proof.

Claimant then sought to introduce testimony of other guest passengers in the car at the time of the accident, which was objected to on the ground that it was a matter equally within the knowledge of the deceased* and the objection was sustained.

Claimant John Enright submitted the following as a bill of particulars of facts constituting gross negligence and wilful and wanton misconduct on the part of the deceased as to which he intended to introduce evidence upon the trial of the case:

"1. That the deceased was driving at an excessive rate of speed.

"2. That the deceased was driving on the left side of the highway.

"3. That the deceased was driving with his arm around one of the passengers in his car.

"4. That the deceased was kissing said passenger while driving said car.

"5. That the deceased disregarded the protests of claimant and other passengers in the car.

"6. That the deceased was driving on a narrow, irregular road at 2:30 a.m.

"7. That the deceased was driving an automobile with which he was unfamiliar.

"8. That the deceased drove his automobile off the left side of the road and into a tree."

The testimony taken in the Clarice Enright case included the testimony of Lorraine Enright (apparently sister-in-law of John Enright, claimant) who testified that the deceased Joe Del Monte was sitting in the driver's seat, that she, Lorraine, was in the middle, John on her right; Clarice and Harold were on the back seat. The testimony of claimant John Enright was also taken in the matter of the claim of Clarice Enright. The opinion of the court on the

---

* CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

motion for a new trial in the matter of the claim of Clarice Enright is apparently treated as the opinion of the court denying a new trial in the case of the claim of John Enright.

During the argument on the motion to dismiss, counsel for plaintiff took the position that plaintiff was not limited in the offer of facts surrounding the accident to the specific things pointed out in the claim as illustrations of the way in which the deceased was guilty of gross negligence and wilful and wanton misconduct, and upon defense arguing to the contrary, plaintiff's counsel moved to amend the claim to include the following:

"That the said Joe Del Monte, at the time and place of the accident, placed his arm around one of the passengers in the car and kissed her, thereby conducting himself in a manner in wanton disregard of the rights and safety of this deponent and the passengers in the car."

The court denied plaintiff's motion to amend and ruled that to have permitted it would have been placing an issue before the jury that was not passed on in probate court.

CL 1948, § 701.42 (Stat Ann 1943 Rev § 27.3178 [42]), is as follows:

"When such certified copy [*i.e.*, of probate court record or proceedings appealed from] shall have been filed in the circuit court, with the evidence of filing the requisite bond, and of giving notice as aforesaid, such court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury."

CL 1948, § 708.8 (Stat Ann 1943 Rev § 27.3178 [418]), is in part as follows:

"All claims filed against an estate shall be in writing and under oath and shall contain sufficient detail reasonably to inform the fiduciary of the nature and amount of the claim. Any claim founded in whole or in part upon a written instrument shall have annexed thereto or indorsed thereon a true copy of such instrument.

"The fiduciary in connection with any claim may demand a bill of particulars of claimant's demands, and the claimant shall furnish the same within 10 days after such demand. * * * In the event that either party considers the bill of particulars furnished insufficient, he may file motion in court for a more detailed bill of particulars. The practice on such motions, as to notice of hearing and the requiring of a more detailed statement, shall be the same as near as may be as the practice in circuit court."

In the case of *In re Sullivan's Estate,* 165 Mich 585, 587, a claim containing "a short, but plain, statement of the accident, injury, and consequent damage to claimant, and an obvious claim that the accident was due to decedent's negligence," was sustained. See *Jackson* v. *Leech's Estate,* 113 Mich 391; *Cummin* v. *Baldwin,* 123 Mich 103; *Pietrantonio* v. *Tonn's Estate,* 278 Mich 535.

The estate could not honestly claim to be taken by surprise if the case had been permitted to go to a trial on the merits by the offer of John Enright, claimant, to prove the circumstances concerning and leading up to the happening of the accident in question, nor could the fiduciary (administrator) honestly claim to be taken by surprise by the endeavor and offer by claimant to introduce testimony of acts and facts tending to prove that the decedent was guilty of gross negligence.

The sworn claim of the claimant as filed in probate court expressly charged "wanton disregard of the rights and safety of deponent" and that the decedent

drove the automobile "in a manner grossly negligent and in violation of law" and that the driving was against the protests of the passengers. The sworn claim of plaintiff also charged that the decedent drove the car "on the left side of said highway, unlawfully and wantonly into a tree south of said highway with great force and violence; that as a result thereof, deponent was seriously injured," et cetera.

The driving of a car on the left side of the highway with great force and violence into a tree could be considered as gross negligence or as ordinary negligence, depending upon circumstances.

The statute uses the words, "caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle." CL 1948, § 256.29 (Stat Ann § 9.1446). (For present law, see CLS 1952, § 257.401, Stat Ann 1953 Cum Supp § 9.2101.) For necessary elements of wilful and wanton misconduct and discussion of factual proof thereof, see *Titus* v. *Lonergan,* 322 Mich 112, at page 119 *et seq.* Del Monte's mental state implied in a charge of gross negligence is indicated by alleged acts which are: disregard of protests of guest passengers; excessive speed; driving on the left side of the road unlawfully and against a tree with great violence. These are alleged as acts of the driver pleaded as, taken together, indicating wilfulness and wantonness; they are not the mere conclusions of the pleader. The pleader further recites his claim (a conclusion) that the negligence was gross.

If there had been no express charge that it was gross negligence or wilful and wanton misconduct, the claim could be considered and construed as a charge of ordinary negligence. But when the statements in the claim are as hereinbefore recited, the claim amounts to a sufficient charge of gross negli-

gence. The direct acts claimed as gross negligence are alleged.

It was not necessary under any strict rule of pleading to recite in the claim what appeared in detail in testimony in the Clarice Enright case, that it was the 54th birthday of the decedent, that the parties in the automobile had been dancing, had a few drinks, all at the residence of decedent, and that at 1:30 a.m. they went to Charlie's Barn, there had 2 rounds of beer, and started at 2:15 a.m. riding in decedent's new Dodge car which he had purchased that morning, the precise width of the road, that there were many trees alongside of the road, there were many bumps on the highway, that there were several holes in the road, how many times the driver had been told to slow down, whether or not the driver acknowledged that he heard the admonitions to slow down, how many children the passenger said she had on whose account she wished he would drive slowly, the statement that Johnny told him, "If he didn't slow down he was going to take the keys away," just when the decedent put his arm around the witness Lorraine, whether it was his right or left arm, and the precise statement of the speed of the car. Such acts and facts are in too great detail for recital in a claim but may properly be testified to in the course of the trial under the allegations set forth in the claim as filed.

The claim is sufficient under the requirements of the above-cited statutes without the inclusion of the words concerning hugging and kissing of the witness, or the other offered items as bill of particulars. The court was in error in dismissing the case. The order and judgment of the circuit court appealed from is reversed. The case is remanded to the circuit court with instruction to set aside the order dis-

missing the case and proceed to a trial on the merits of the case. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and KELLY, JJ., concurred with REID, J.

DETHMERS, J., concurred in the result.